HAUSER *v.* MICHIGAN MUTUAL LIABILITY CO.

1. Insurance — Term of Automobile and Accident Policy — Estoppel.

Matter of immediate operation of a combined automobile and accident insurance policy contrary to its terms rests partly in the character of the recital of the consideration or other express terms of the policy and partly in estoppel.

2. Same—Policy Read as a Whole.

An insurance policy must be read as a whole.

3. Same—Automobile and Accident Policy—Default in Instalment Payments of Premium.

Policy of insurance combining ordinary automobile policy and personal accident insurance which provided for immediate operation and instalment payment of premiums beginning one month later and that upon acceptance of payment of an instalment after default policy should be reinstated but only to cover loss resulting from accidental injury thereafter sustained *held,* not to cover death of insured where fatal injuries were received while payments were in default and death occurred after a payment had been accepted (3 Comp. Laws 1929, §§ 12441, 12442[16]).

Appeal from Jackson; Williams (Benjamin), J. Submitted June 5, 1936. (Docket No. 96, Calendar No. 38,790.) Decided September 2, 1936.

Assumpsit by William J. Hauser, administrator of the estate of Frederick C. Warren, deceased, against Michigan Mutual Liability Company, a Michigan corporation, for sums due under accident provision of combination automobile and personal accident insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Bisbee, McKone, Wilson, King & Kendall,* for plaintiff.

*Rosenburg & Painter (L. J. Carey* and *Geo. J. Cooper,* of counsel), for defendant.

FEAD, J.   September 15, 1933, defendant issued to Frederick C. Warren a policy of insurance in two parts, each separately signed by defendant's officers. The first part was an ordinary automobile policy insuring against public liability, property damage, collision, fire, etc.   The second part was a personal accident policy insuring against death or disability from bodily injuries sustained through accidental means while the insured was riding in the automobile covered by the policy.   In connection with it, the insured signed an instrument called "declarations," which was made part of the policy and provided that the insurance period should be for one year from noon September 15, 1933, and that the premium was payable in five equal monthly instalments of $7.15, the first payment to be due October 15, 1933.

No premiums were paid on the policy.   Warren was injured in a collision between his car and an interurban car on January 3, 1934, and died four days later.   On January 5th, after the accident, a friend of the family paid defendant's agent $5 and he accepted it.   It further appears that a notice of cancellation of the policy was given by defendant on December 4, 1933, but it is not relied upon.   The action is for the death benefit under the personal accident phase of the policy.   The court directed a verdict for defendant.

Plaintiff's contention is that, by delivery of the policy, the insurer rendered it a subsisting contract *in præsenti,* although the policy provides in its body that defendant, "in consideration and from the date

of payment, of the full annual premium * * * does hereby insure the assured," and in the "declarations" that it becomes effective "upon payment of the first premium payment herein specified." He claims that, once effective, the policy remained in force until its expiration date unless formally cancelled by the insurer. The policy contains the statutory form for cancellation at the instance of the insurer. 3 Comp. Laws 1929, § 12442 (16).

The immediate operation of. a policy contrary to its terms was discussed in *Schaefer* v. *Peninsular Casualty Ins. Co.,* 266 Mich. 386, where it was noted that the question rests partly in the character of the recital of the consideration or other express terms of the policy and partly in estoppel.

Defendant relies upon the recitals of the time of operation of the policy above quoted and upon the provision adopted in accordance with 3 Comp. Laws 1929, § 12441:

"If the default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the insurer or by any of its duly authorized agents shall reinstate the policy, but only to cover loss resulting from accidental injury thereafter sustained."

The policy must be read as a whole. Plaintiff's contention, if applicable, would be sufficient to carry the policy in force until the first payment was due. After a premium payment became due and was in default, however, a new situation arose which is covered by the provision above quoted. There are no elements of estoppel in the case to change any of the contract provisions except the fact that the policy was delivered. When delivered, it took effect according to its terms and became subject to subsequent conditions.

As the contract provided for credit and instalment payments and expressly declared the effect of a payment after default, it appears plain that such provision must govern the case. Consequently, at the death of Mr. Warren, the policy was not in effect and the judgment must be affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.