EGHOTZ *v.* CREECH.

1. INSURANCE—CONSTRUCTION OF CASUALTY POLICIES.

A policy of casualty insurance is much the same as any other contract, a matter of agreement by the parties, and courts will determine what that agreement is and enforce it accordingly.

2. SAME—CASUALTY POLICY—SUSPENSION FOR NONPAYMENT OF PREMIUMS.

It is entirely proper to include provisions in a casualty insurance policy for suspension during which time the insured is not covered because of nonpayment of the premium (CLS 1956, § 500.2400 *et seq.*; § 500.3004 *et seq.*).

3. SAME—CASUALTY RATES—APPROVAL—UNIFORMITY.

The insurance code presently does not contain a complete contract of casualty insurance, and, while rates for such insurance are subject to certain provisions in order to obtain approval of policies, there is no requirement that they have uniform rates (CLS 1956, § 500.2400 *et seq.*).

4. SAME—CASUALTY POLICY—NONPAYMENT OF INSTALMENTS.

Casualty insurance policy which contained the standard 10-day provision for cancellation by either party and a provision for expiration in event that instalment payments made had been earned on the included short-rate basis did not entitle the insured to a pro rata computation of the premium, where he had brought about suspension of the policy by nonpayment of instalments (CLS 1956, § 500.2400 *et seq.*; § 500.3004 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance § 245 *et seq.*
[2] 29 Am Jur, Insurance §§ 587–589.
[3] 29 Am Jur, Insurance, §§ 506, 507.
[4-6] 29 Am Jur, Insurance § 593 *et seq.*

5. Same—Casualty Policy—Cancellation—Suspension—Short
   Rates.

   One insured under a casualty insurance policy is no more entitled
       to pro rata computation of premium payments, when by his own
       failure to make payment of an instalment of premium, he brings·
       about a suspension of the policy, than he would be in the event
       he elected under the standard provisions to cancel it, the short-
       rates provision in the policy being applicable in either situation
       (CLS 1956, § 500.2400 *et seq.*; § 500.3004 *et seq.*).

6. Garnishment—Casualty Insurance Policy—Suspension for
   Nonpayment.

   Casualty insurer under automobile policy was not liable in action
       of garnishment, where policy had been automatically suspended
       because insured had failed to pay instalments of premiums and
       such as had been paid had been fully earned before accident
       occurred giving rise to action in which plaintiff recovered a
       judgment against the principal defendant (CLS 1956, § 500-
       .2400 *et seq.*; § 500.3004 *et seq.*).

Appeal from Wayne; Baum (Victor J.), J. Sub-
mitted January 5, 1962. (Docket No. 36, Calendar
No. 49,177.) Decided March 15, 1962.

Case by Ellen Eghotz against Grady T. Creech
for personal injuries sustained in automobile col-
lision resulted in judgment for plaintiff. Garnish-
ment proceedings taken against Lincoln Mutual Cas-
ualty Company, a Michigan corporation, which de-
nied liability because premium on policy was unpaid
under time-payment plan. Directed verdict and
judgment for garnishee defendant. Plaintiff ap-
peals. Affirmed.

*Hugh K. Davidson* and *Roy A. McGinty,* for plain-
tiff.

*Michael J. Landers,* for defendant.

Adams, J. On May 14, 1956, Lincoln Mutual is-
sued a combined casualty and personal injury insur-

ance policy to the principal defendant. The insurance company's agent solicited defendant Creech while he was polishing his car and obtained from him the information necessary to issue the policy of insurance. Creech at the time paid $10 on the policy, and agreed to make monthly payments of $10 until the total premium of $50 was paid. The policy was sent to Creech through the mail. The 6-page policy is entirely printed. Attached to the policy is a schedule of warranties, setting forth among other things, the name of the assured, the automobile covered, the date of the policy, the policy limits, and the premium. Also attached to the policy is a time-payment indorsement blank T8, calling for payments of 1/6 of the premium on the effective date of the policy, and 1/6 of the premium each successive month for 5 ensuing months. The time-payment indorsement also provides that in the event of failure to pay any instalment when due, the policy shall expire when the payments which have been made are earned on a short-rate basis. A short-rate table is part of the time-payment indorsement.

Defendant Creech made only one $10 payment on the insurance policy. On July 18, 1956, defendant Creech was involved in an accident with the plaintiff. Under the time-payment indorsement, the policy coverage computed by the short-rate table lapsed on June 19, 1956.

Plaintiff obtained a judgment in the sum of $10,-000 against the principal defendant and sought to garnishee on the casualty policy. The trial judge directed a verdict for the garnishee defendant holding that the insurance policy was not in effect at the time of the accident.

Plaintiff contends that under the provision of the insurance code (CLS 1956, § 500.3020 [Stat Ann 1957 Rev § 24.13020]), if a casualty insurance policy is issued, the policy may be canceled by the insurer only

by mailing to the insured a 10-day written notice of cancellation; also that if the premium had been prorated instead of being figured short rate, the policy would have been in effect for 73 days instead of 36 days, and would have amply covered the period of the accident.

If the provisions of the statute exclude any other method for the cancellation or suspension of a casualty insurance policy, the trial court was in error. If the provisions of the statute do not exclude a time-payment indorsement, then the decision of the trial judge was correct.

The early Michigan cases laid down the proposition that a policy of insurance is much the same as any other contract. It is a matter of agreement by the parties. The courts will determine what that agreement was and enforce it accordingly.

In the case of *Williams* v. *Albany City Insurance Co.*, 19 Mich 451 (2 Am Rep 95), the insurance on a vessel was paid for by a note with a provision that the insurance would be void while the note was overdue and unpaid. A loss occurred under these conditions and recovery was denied even though the note was later paid.

In the case of *Hauser* v. *Michigan Mutual Liability Co.*, 276 Mich 624, the policy contained a statutory provision for cancellation, and also provided for a suspension of the policy during any period monthly premiums were not paid. The policy was delivered without the payment of any premium whatsoever. The court held that delivery had the effect of putting the policy into force and allowing a reasonable time for the payment of the monthly premiums. However, the policy went into effect on September 15, 1933. No premiums had been paid on January 3, 1934, when the insured was injured. One payment was made after the accident. The court held that the policy must be construed as a whole; that the

provision for suspension was valid; and that the policy having been suspended at the time the injury occurred, no recovery would be allowed.

In *Bek* v. *Zimmerman,* 285 Mich 224, the Court again held, in both the majority and minority opinions, that suspension provisions are valid. Justice McAllister dissented as to how to construe the policy provisions, particularly with regard to failure of consideration and computation of premiums, but not with regard to the validity of a suspension provision, saying (p 238):

"It is entirely proper to include provisions of suspension during which time the insured is not covered because of nonpayment of the premium."

Justice Bushnell stated the majority position as follows (p 227):

"The quoted statute applies where either the insurer or the insured seeks to terminate the insurance by cancellation; it cannot be stretched to cover a situation where, as here, liability under the contract has become automatically suspended by reason of the precise terms of the insurance agreement."

The plaintiff recognizes that the above cases state the law of Michigan but urges that we reconsider the problem in the light of the statutory requirement for a mandatory provision relative to cancellation. Plaintiff contends that the legislative intent of the statutory provision has been overlooked, such intent having been to provide 1 single means for the cancellation of casualty insurance policies.

If the legislature had spelled out by statute a standard casualty insurance policy, as has been done with a standard fire insurance policy (CLS 1956, § 500.2832 [Stat Ann 1957 Rev § 24.12832]), and required the use thereof (CLS 1956, § 500.2806 [Stat Ann 1957 Rev § 24.12806]), we might agree with

plaintiff's contentions.   Certainly this is an area in which the State can prescribe standard policies.   29 Am Jur (1960 Rev), Insurance, § 59, p 475.   However, an examination of the insurance code does not disclose an intention on the part of the legislature to prescribe a standard policy of casualty insurance. The matter of casualty insurance rates is covered in chapter 24 of the insurance code (CLS 1956, § 500-.2400 *et seq.* [Stat Ann 1957 Rev § 24.12400 *et seq.*]). Such rates do not have to be uniform.   The commissioner has authority only in certain specified respects in approving the same (CLS 1956, § 500.2403 [Stat Ann 1957 Rev § 24.12403]).   Chapter 30 of the insurance code (CLS 1956, § 500.3004 *et seq.* [Stat Ann 1957 Rev § 24.13004 *et seq.*]) sets forth required provisions for casualty insurance contracts.   Those provisions, including the one here in question, do not in any way spell out a complete contract of casualty insurance.

What provisions then may be contained in a casualty insurance policy?   The case of *Mutual Benefit Life-Insurance Co.* v. *Commissioner of Insurance,* 151 Mich 610, is illuminating.   In this case, the insurance company sought to compel the insurance commissioner to approve policy provisions providing a certain option in case of nonpayment, which was not the same as any of the options required under the law.   The statute did not provide for a standard form.   The court said (p 615) "no provision may rightfully be used which shall, with or without action of the policyholder, materially change or avoid the statute scheme of the contract."   An analysis of the 3 options in question revealed that in a given case each one of them could be beneficial to the policyholder.   The options required by the statute were not excluded from the policy.   The Court held that the inclusion of an additional option which might be beneficial to the policyholder was proper.   The in-

surance commissioner was required to approve the policy provisions.

In the case of *DeLand* v. *Fidelity Health & Accident Mutual Insurance Company* (1949), 325 Mich 9, this Court, under the peculiar circumstances of that case, excluded from the contract of the parties the statutory provisions which had been omitted from the policy, but held the parties to that contract of insurance which they had entered into.

In the present case, the policy contains the standard provision required by the statute. The policy also contains the following provision:

"*In consideration of the issuance of this policy on the instalment premium basis* (as stated below), the failure to pay any instalment when due shall cause the policy to expire when the payments which have been made are earned on the short-rate basis. (Table on reverse side.)

"Delinquent payment if made shall reinstate the policy at the time accepted at the home office of the company; however, there shall be no coverage during the period of time between the date the policy expired and the date of such reinstatement." (Emphasis supplied.)

The above provision does not materially change or avoid the statutory scheme. Either of the parties may, under the standard provision, by affirmative action, cancel the policy. Under the standard provision, if the cancellation is by the policyholder, the short rates are used to compute the premium. The policyholder may also, at his option, avail himself of the time-payment plan. Admittedly, the benefits are considerably less if the short-rate basis for computation of the premium goes into effect due to failure to make payments, but some benefits do accrue to the policyholder who might otherwise be completely without insurance because of inability to secure the same for cash or credit. The time-

payment scheme does provide a third way to secure insurance for the full term if the time payments are made. As we have noted, premiums for casualty insurance are not presently required to be uniform. Presumably, the short rates have been approved by the insurance commissioner. The policyholder receives in full that for which he has paid under the terms of his contract. He is no more entitled to a pro rata computation of the premium when, by non-payment, he brings about a suspension of policy, than he would be in the event he elected under the standard provisions to cancel it.

The trial court did not err.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.