WYNN v FARMERS INSURANCE GROUP

Docket No. 43742. Submitted April 15, 1980, at Detroit.—Decided June 4, 1980.

Donnie Wynn owned an automobile which was insured by Farmers Insurance Group. The policy expired in April, 1977, and Wynn did not renew it by payment of the premium within 60 days pursuant to instructions contained in a notice sent to him by Farmers. Approximately 70 days after expiration, Wynn forwarded a check in the amount of the premium. Farmers cashed the check, but thereafter sent Wynn a refund for the entire amount, stating that a new application was required to renew the policy. A month later Wynn was involved in an accident. Farmers refused to pay benefits, contending there was no policy in force. Wynn brought an action against Farmers, seeking a declaratory judgment that there was a policy in existence. The Wayne Circuit Court, Neal Fitzgerald, J., granted summary judgment to Farmers. Wynn appeals, alleging that the notice sent to him in April, 1977, failed to comply with the statute governing notice of cancellation of insurance contracts and that by cashing his check Farmers reinstated his policy, thereby requiring Farmers to comply with the cancellation notice requirements. *Held:*

1. The statutory requirements for a cancellation notice did not apply to the policy which had expired upon reaching the end of its term.

2. Wynn's premium had been refunded a full four weeks prior to the accident. He could not have justifiably relied upon Farmers providing insurance coverage. Therefore, Farmers was not estopped to deny coverage.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d (Rev), Automobile Insurance § 38.
   43 Am Jur 2d, Insurance § 404.
   Cancellation of compulsory or "financial responsibility" automobile insurance. 34 ALR2d 1297.
[2] 28 Am Jur 2d, Estoppel and Waiver § 27.

1. INSURANCE — CANCELLATION OF POLICIES — NOTICE OF CANCELLA-
   TION — STATUTES.

    The terms of a statute which controls the manner in which an
   insurer is allowed to give notice to an insured of the cancella-
   tion of the insurance policy do not apply to an automobile
   policy which has expired by virtue of the fact that it has
   reached the end of its term; a cancellation notice complying
   with the statute is required only where the insurer elects to
   terminate coverage at any time during the normal term of the
   policy (MCL 500.3020; MSA 24.13020).

2. ESTOPPEL — INDUCEMENT — RELIANCE — PREJUDICE.

    Estoppel arises where: (1) a party, by representation, admissions
   or silence, intentionally induces another party to believe facts;
   (2) the other party justifiably relies and acts on this belief; and
   (3) the other party will be prejudiced if the first party is
   permitted to deny the existence of the facts.

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *Richard A. Harvey* and *Gary A. Maximiuk*), for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and D. F. WALSH, JJ.

PER CURIAM. The plaintiff appeals as of right from an order issued February 1, 1979, by the Wayne County Circuit Court granting summary judgment to the defendant in the plaintiff's suit to determine whether there was an insurance policy in effect on the date of the automobile accident in question.

The plaintiff owned an automobile which was covered by an insurance policy issued by the defendant. On or about April 9, 1977, the plaintiff received a notice that his policy would expire at 12 p.m. on April 9, 1977. In addition to the language, printed in large letters at the top of the form

saying, "Your policy is out of force", this notice contained the following provision:

"May we suggest that you send your premium now? If received in one of our Company offices or directly by an authorized Sales Representative of the Company within 60 days from the expiration date shown, your protection will again be in force from and after the date payment is received. You may pay one half now plus a small service charge and the balance within 60 days."

No payment was sent within the 60-day period after the April 9 expiration date. However, on June 20, 1977, or approximately 70 days after his policy had expired, the plaintiff did mail to the defendant a check in the amount of $163.50, which represented the full amount of the premium. The defendant cashed and deposited the plaintiff's check. On July 6, 1977, the defendant sent a refund check for $163.50 to the plaintiff together with a document entitled "Notice of Cancellation". This document indicated that "a new application is required to place your policy back in force".

On August 5, 1977, the plaintiff was involved in an automobile accident. The defendant refused to pay no-fault benefits, contending that there was no policy in effect. The plaintiff filed a complaint seeking declaratory judgment on the existence of a policy. Both parties filed motions for summary judgment, the defendant claiming that there was no genuine issue of material fact. At the oral arguments on these motions, the trial judge ruled in favor of the defendant, finding that the insurance policy had not been reinstated when the defendant cashed the plaintiff's check.

On appeal, we are asked to decide whether the notice of April 9, 1977, entitled "Your policy is out of force" which was sent by the defendant to the

plaintiff was required to comply with the requirements of MCL 500.3020; MSA 24.13020.

At the time the notice in question was sent, MCL 500.3020; MSA 24.13020 provided as follows:

"No policy of casualty insurance, excepting workmen's compensation, but including all classes of motor vehicle coverage, shall be issued or delivered in this state by any insurer authorized to do business in this state for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision whereby the policy may be canceled at any time at the request of the insured, in which case the insurer shall, upon demand and surrender of the policy, refund the excess of paid premium or assessment above the customary short rates for the expired time; and whereby the policy may be canceled at any time by the insurer by mailing to the insured at his address last known to the insurer or its authorized agent, with postage fully prepaid, a 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand and the notice of cancellation shall state that the excess premium, if not tendered, will be refunded on demand. The cancellation shall be without prejudice to any claim originating prior thereto. The mailing of notice shall be prima facie proof of notice. Delivery of such written notice shall be equivalent to mailing. *A notice of cancellation* including a cancellation notice under section 3224, *shall be accompanied by a statement that the insured must not operate or permit the operation of the vehicle to which notice of cancellation is applicable, or operate any other vehicle, unless the fees required by the motor vehicle accident claims act have been paid with respect to such vehicle.*" (Emphasis added.)

In *Bek v Zimmerman,* 285 Mich 224; 280 NW 741 (1938), the Michigan Supreme Court declared that a statute requiring a written 5-day notice of

cancellation was inapplicable to an insurance policy whose term had expired, for the following reason:

"The quoted statute applies where either the insurer or the insured seeks to terminate the insurance by cancellation; it cannot be stretched to cover a situation where, as here, liability under the contract has become automatically suspended by reason of the precise terms of the insurance agreement.

"The statute covers those situations where termination of the policy is not automatic but is optional with the insurer and, therefore, cannot be anticipated and provided against the insured unless he is given ample notice of the intended exercise of that option." Id., 227-228.

See also, *Eghotz v Creech,* 365 Mich 527, 531; 113 NW2d 815 (1962), *Farmers Ins Exchange v Allstate Ins Co,* 143 F Supp 213 (ED Mich, 1956).

Finding no authority to the contrary, we conclude that the terms of MCL 500.3020 were not applicable to an automobile insurance policy which had expired by virtue of the fact that it had reached the end of its term. A cancellation notice under the above statute is required only where the insurer elects to terminate coverage at any time during the normal term of the policy.

Even if we had found the cancellation notice statute applicable, we could not accept plaintiff's argument that the purported cancellation notice was invalid because it failed to inform him that he could not drive the vehicle in question until the fees required by the Motor Vehicle Accident Claims Act, MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.,* had been paid. At the time the notice in question was sent, there were no longer any fees required to be paid by the Motor Vehicle Accident

Claims Act. See *Schigur v Secretary of State,* 73 Mich App 239, 241-244; 251 NW2d 567 (1977).[1]

The second issue we address in this appeal is whether the defendant put the plaintiff's insurance policy back in force when it cashed the overdue premium check, thus requiring defendant to comply with the cancellation notice provisions of MCL 500.3020, as was previously discussed.

The notice of April 9, 1977, offered the plaintiff an opportunity to renew his coverage if the premium were mailed within the specified 60-day period. The plaintiff's check was not mailed until 10 days after the specified extension period. The defendant cashed the check, but mailed plaintiff a refund and a notice that he would have to reapply for an insurance policy a full four weeks before the accident in question took place. Under these facts, we do not find that the defendant was estopped to deny coverage.

Estoppel arises where: (1) a party, by representation, admissions or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts. *Dimmitt & Owens Financial, Inc v Realtek Industries, Inc,* 90 Mich App 429, 433; 280 NW2d 827 (1979), *Johnson v Harper-Grace Hospital,* 92 Mich App 202, 205; 284 NW2d 520 (1979), *Conel Development, Inc v River Rouge Savings Bank,* 84 Mich App 415, 422-423; 269 NW2d 621 (1978).

---

[1] MCL 500.3020; MSA 24.13020 was amended in 1978. The obsolete language regarding the Motor Vehicle Accident Claims Act was replaced with the following:

"A notice of cancellation, including a cancellation notice under section 3224, shall be accompanied by a statement that the insured shall not operate or permit the operation of the vehicle to which notice of cancellation is applicable, or operate any other vehicle, unless the vehicle is insured as required by law."

In the instant case, the plaintiff could not have justifiably relied on insurance coverage by the defendant at the time of the accident, where his entire premium had been refunded four weeks earlier with a notice telling him that he must reapply for an insurance policy.

Affirmed.