GRABLE v FARMERS INSURANCE EXCHANGE

Docket No. 63937. Submitted June 8, 1983, at Detroit.—Decided September 6, 1983. Leave to appeal denied, 419 Mich —.

Plaintiffs, Dale C. Grable and Phyllis A. Grable, co-personal representatives of Kenneth D. Grable, and Kenneth D. Grable, brought an action in the Oakland Circuit Court against defendants, Farmers Insurance Exchange, and Lumbermens Mutual Casualty Company, seeking damages for injuries sustained by Kenneth Grable while a pedestrian when struck by a car insured by Lumbermens. All the parties agreed that the plaintiffs should recover, however, the question presented concerned which of the defendants was liable for such payment. The facts indicate that Farmers issued two standard no-fault policies for vehicles owned by Dale Grable and that Farmers mailed cancellation notices on both policies prior to the accident because of Grable's failure to pay the premiums. The insurance contracts contained provisions concerning automatic cancellation in the event of nonpayment of the premiums. The trial court, Robert C. Anderson, J., granted Lumbermens' motion for summary judgment and denied Farmers' motion for summary judgment. Upon reconsideration, the order granting Lumbermens a summary judgment was set aside. Farmers appeals by leave granted. Lumbermens cross-appeals. *Held:*

1. Where an insurance policy expires on its own, the insurance company need not give notice of cancellation. Section 3020 of the Insurance Code, concerning provisions relative to cancellation, does not apply where, as here, the policies automatically end when the insured fails to pay the premiums.

2. The parties to an insurance contract may contract to whatever they wish as long as it does not violate the law or public policy.

3. Farmers is not liable under its policies with Dale Grable.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance §§ 451, 911, 912.
[2] 43 Am Jur 2d, Insurance § 260 *et seq.*

1. INSURANCE — CANCELLATION — NOTICE.

    The statute concerning provisions relative to the cancellation of insurance policies requires notice of cancellation to effectively cancel a policy; however, where a policy expires according to its own terms when the insured fails to pay the premiums the insurer need not give notice of cancellation in accordance with the statute (MCL 500.3020; MSA 24.13020).

2. INSURANCE — CONTRACTS — PUBLIC POLICY.

    Parties to an insurance contract may contract to whatever they wish as long as it does not violate the law or public policy.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Gary A. Maximiuk)*, for Farmers Insurance Exchange.

*Highland & Currier, P.C.* (by *Gene M. Currier)*, for Lumbermens Mutual Casualty Company.

Before: D. F. WALSH, P.J., and BEASLEY and D. L. SULLIVAN,* JJ.

PER CURIAM. On March 17, 1982, the trial court granted defendant Lumbermens Mutual Casualty Company's motion for summary judgment and denied defendant Farmers Insurance Exchange's motion for summary judgment. On June 4, 1982, the trial court, upon reconsideration, set aside its order granting Lumbermens Mutual a summary judgment. Defendant Farmers Insurance Exchange appeals by leave granted. Defendant Lumbermens cross-appeals.

On November 5, 1980, plaintiff Dale Grable applied for "30/60" no-fault insurance for a Dodge van and a Ford Torino from defendant Farmers Insurance and made the required $57 deposit. However, Farmers Insurance rejected the application on November 17, 1980, and sent a full refund

---

  * Circuit judge, sitting on the Court of Appeals by assignment.

to Dale Grable because the Grables did not qualify for the low rate "30/60" coverage.

On December 19, 1980, Farmers Insurance issued Dale Grable two standard no-fault policies effective from November 5, 1980, through May 5, 1981. Because on January 1, 1981, Dale Grable became eligible for "30/60" coverage on one of the policies, he had a form filled out for him on January 6, 1981, for the lower "30/60" coverage. This policy was issued on January 9, 1981, effective January 6 through May 5, 1981. However, the declaration sheet contained a notice that the premium must be received by January 24, 1981. In the meantime, apparently realizing that Dale Grable had failed to send in the premiums on either policy, defendant Farmers Insurance mailed cancellation notices on both policies on January 5, 1981, effective January 18, 1981. Dale Grable never made a payment on either policy.

On February 16, 1981, plaintiff Kenneth D. Grable, Dale Grable's son, a pedestrian, was injured when struck by a car. The car striking him was insured by defendant Lumbermens Mutual.

All the parties agree that plaintiffs should recover. The question on appeal is whether Farmers Insurance or Lumbermens Mutual is liable.

Lumbermens Mutual argues that Dale Grable did not receive actual notice of the cancellation until after his son was injured. Apparently, he received but did not open the letter. MCL 500.3020; MSA 24.13020 requires notice of cancellation to effectively cancel a policy. However, if the policy expires on its own, the insurance company need not give notice of cancellation. *Wynn v Farmers Ins Group,* 98 Mich App 93; 296 NW2d 197 (1980).

*Eghotz v Creech,* 365 Mich 527; 113 NW2d 815

(1962), and *Bek v Zimmerman,* 285 Mich 224; 280
NW 741 (1938), are controlling in this case. In
*Eghotz,* the defendant paid his insurance company
$10 on May 14, 1956, and agreed to make monthly
payments after that until the total premium of
$50 was paid. The policy stated that if he did not
pay the installments when due, it would expire.
The defendant paid only one $10 payment and on
July 18, 1956, he was injured. The Supreme Court
held that the policy had lapsed before the injury
because the defendant had not kept his premiums
current under the contract. It rejected the claim
that § 3020 was the exclusive remedy for cancella-
tion. Because the contract had an automatic lapse
clause, § 3020 did not apply.

In *Bek,* the parties entered into a policy that
ran from March 25, 1936, through March 25, 1937.
The policy specifically stated that if the insured
did not pay it would automatically terminate. It
also required the plaintiff to pay on April 25, 1936,
May 25, 1936, and June 25, 1936. Although the
plaintiff did pay the first premium on time, he
paid the second premium on June 16 and did not
pay the third premium. He was injured on June
27. The Supreme Court held that the statute then
in effect, the predecessor to § 3020, did not apply
where the policy automatically ends when the
insured fails to pay the premiums. The section
applies only where the insured or the insurer
seeks to cancel. See also *Hauser v Michigan Mu-
tual Liability Co,* 276 Mich 624; 268 NW 759
(1936).

Lumbermens Mutual relies on *DeHaan v Mar-
vin,* 331 Mich 231; 49 NW2d 148 (1951). There, the
insurance company was found to be liable on the
contract, even though the defendant did not pay
anything at all, because the contract contained no

cancellation provision. Therefore, that insurance policy was effective until the insurance company gave the insured notice of cancellation as required by the statute then in effect. In the present case, the contracts did have a cancellation provision.

The parties may contract to whatever they wish as long as it does not violate the law or public policy:

"Parties have the right to contract as to the terms of an insurance policy and so long as the terms do not contravene statutory requirements of public policy, the courts will enforce an insurance contract as it would any other contract." *Weisberg v Detroit Automobile Inter-Ins Exchange,* 36 Mich App 513, 519; 194 NW2d 193 (1971).

Therefore, we hold that Farmers Insurance Exchange is not liable under its policies with Dale Grable. Hence, we need not consider whether or not Farmers Insurance effectively cancelled the policies.

Reversed and remanded.