935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In the Matter of B & K HYDRAULIC COMPANY, Debtor.
Robert S. HERTZBERG, Plaintiff-Appellant,
v.
LOYAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 90-2034.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1991.
 
 Before MERRITT, Chief Judge, and ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The defendant insurance company issued a $1 million key man life insurance policy on the life of its insured, the president and owner of a now bankrupt company which was the beneficiary and the owner of the policy. The policy lapsed for non-payment of the premium during the pendency of the bankruptcy. Under the terms of the policy non-payment triggered a 31-day grace period. The trustee in bankruptcy was appointed two weeks after the grace period began. No premium was paid during the grace period or before the insured died six days after the policy lapsed at the end of the grace period. The insurer denied coverage, and the trustee in bankruptcy brought an adversary proceeding to recover under the policy. After the parties filed cross-motions for summary judgment, the Bankruptcy Court rendered summary judgment for the insurer respecting the trustee's arguments (1) that failure of the insured to personally notify the trustee of the impending termination estops the insurer from asserting, or otherwise invalidates, termination and also rejecting (2) the trustee's argument that the insurance contract is extended by virtue by (a) the automatic stay provisions of Sec. 362 and (b) the executory contract provisions of Sec. 365 of the Bankruptcy Code. The District Court affirmed, and the trustee reasserts the same three basic arguments on appeal and also asserts on appeal that summary judgment was improper because a disputed material fact exists with regard to whether the insurer gave proper notice of termination under the policy during the grace period.
 
 
 2
 We agree with the Bankruptcy Court below that there is no disputed issue of fact regarding notice which is material to the issues in the case. The trustee was not appointed until after the grace period began to run. The trustee did not investigate the status of the policy upon appointment and did not notify the insurer of the appointment. There is no probative evidence offered that the insurer knew of the bankruptcy or that it failed to send notices of default in breach of the insurance contract. In the Bankruptcy Court, the trustee took an inconsistent position respecting summary judgment. There he originally submitted the case for summary judgment, arguing that there was no material dispute which would render summary judgment inappropriate. We agree with the position he took in the Bankruptcy Court, and not the position he now takes on appeal. The trustee has not proffered facts which suggest that the insurer breached the termination provisions of its insurance contract, waived termination, or should be estopped from relying on the termination provisions. This case is a simple case of the failure of the insured and the company to pay the premiums on the life insurance policy. The trustee when appointed during the grace period did not correct the default. The policy terminated under its terms, and the insured died shortly thereafter. Hence there can be no recovery under general common law principles of contract and insurance law applicable in Michigan. See Bek v. Zimmerman, 285 Mich. 224 (1938); Grable v. Farmers Insurance Exchange, 341 N.W.2d 147 (Mich.App.1983).
 
 
 3
 The trustee fares no better under the executory contract and the automatic stay provisions of the Bankruptcy Code. The courts and legal scholars hold as a general proposition that contracts of insurance that are simply allowed to expire by their own terms during the contract period, like other expired contracts, do not create further duties of performance and are not characterized as "executory" for purposes of Sec. 365 of the Bankruptcy Code. In re Gull Air, Inc. (Federal Aviation Administration v. Gull Air, Inc.), 890 F.2d 1285 (1st Cir.1989); Gloria Manufacturing Corp. v. International Ladies' Garment Workers' Union, 734 F.2d 1020 (4th Cir.1984); In re Heaven Sent, Ltd. (Heaven Sent, Ltd. v. Centennial Insurance Co.), 50 Bankr. 636 (Bankr.E.D.Pa.1985). A debtor or trustee cannot overlook payment of premiums and later claim that the insurance contract is extended and still enforceable despite its terms.
 
 
 4
 The same principle applies under the automatic stay provisions of Sec. 362. The automatic stay applies to prevent the creditor from taking affirmative steps to forfeit or foreclose an interest or to collect a debt, but it does not normally impair the terms of contracts concerning expiration. Moody v. Amoco Oil Co., 734 F.2d 1200 (7th Cir.), cert. denied, 469 U.S. 982 (1984); Johnson v. First National Bank of Montevideo, Minn., 719 F.2d 270 (8th Cir.1983), cert. denied, 465 U.S. 1012 (1984).
 
 
 5
 Accordingly, the judgment of the District Court affirming the Bankruptcy Court is AFFIRMED.