CITIZENS INSURANCE COMPANY OF AMERICA v CRENSHAW

Docket No. 85153. Submitted February 3, 1987, at Detroit. Decided
     May 5, 1987. Leave to appeal applied for.

> Defendant and third-party plaintiff Michael Crenshaw applied to
> third-party defendant Allstate Insurance Company for no-fault
> automobile insurance and was issued a binder on July 27, 1982,
> providing coverage for bodily injury, personal disability liabil-
> ity, uninsured motorist coverage, personal injury protection,
> collision and comprehensive. Upon discovering that defendant's
> driver's license might have been suspended, Allstate, on August
> 4, 1982, sent defendant a notice of cancellation by certified
> mail, return receipt requested, informing him that the policy
> would be cancelled as of August 25, 1982. The notice was
> returned undelivered on August 30, 1982. On September 3,
> 1982, Allstate again mailed a notice of cancellation to defen-
> dant, also by certified mail, which defendant received on Sep-
> tember 19, 1982. However, on August 29, 1982, defendant
> loaned his car to Carol Bland, who was injured on that date in
> an accident which arose out of her use of that vehicle. Bland
> submitted a claim to the no-fault assigned claims fund and
> recovered lost wages, hospitalization and medical expenses
> from plaintiff Citizens Insurance Company of America. Plaintiff
> then filed a complaint in district court against defendant to
> recover the payments made to Bland. Defendant responded
> with a third-party complaint against Allstate, claiming that he
> was insured on August 29, 1982. Defendant and Allstate filed
> cross-motions for summary judgment. The district court
> granted Allstate's motion and denied defendant's motion. De-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 36-38, 40, 340 *et seq.*

Am Jur 2d, Insurance §§ 380 *et seq.*

Cancellation of compulsory or "financial responsibility" automobile
     insurance. 44 ALR4th 13.

Actual receipt of cancellation notice mailed by insurer as prerequi-
     site to cancellation of insurance. 40 ALR4th 867.

State regulation of insurer's nonacceptance, cancellation, or non
     renewal of, or increase in rate on, automobile insurance policy,
     based on driving record. 36 ALR4th 1205.

fendant appealed to the Wayne Circuit Court which reversed and remanded for entry of an order of summary disposition in favor of defendant, Harry J. Dingeman, Jr., J. Allstate appeals therefrom by leave granted. At issue is the determination of whether Allstate's cancellation of defendant's policy is governed by the mailing and notice provisions of § 3020 or § 3224 of the Insurance Code.

The Court of Appeals *held:*

1. The applicable cancellation statute is § 3020. To effect cancellation thereunder, the insured must receive actual notice of cancellation at least ten days prior to the effective date. It is undisputed that defendant received actual notice on September 19, 1982. Defendant's policy was still in effect on the date of Bland's accident.

2. There is no statutory or decisional authority to support Allstate's proposed application of the two notice statutes according to the length of time an insurance policy has been in effect. The notice and mailing requirements are the same whether the decision to cancel the insurance is appealable or nonappealable by the insured.

3. Allstate failed to preserve for appellate review its claim that defendant's fraudulent representations rendered the binder void ab initio.

Affirmed.

INSURANCE — NO-FAULT — CANCELLATION OF INSURANCE — NOTICE OF CANCELLATION.

An insured must receive actual notice of cancellation of his no-fault automobile insurance policy at least ten days prior to the effective date in order for an insurer to effectuate cancellation of the insurance under the applicable cancellation statute (MCL 500.3020; MSA 24.13020).

*UAW-GM Legal Services Plan* (by *Kurt R. Thornbladh* and *Darcelle D. Kanoyton*), for Michael Crenshaw.

*Mitchell & Leon* (by *Gilbert C. Potter*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh* and *Martha F. Mothershead*), of Counsel, for Allstate Insurance Company.

Before: WAHLS, P. J., and M. J. KELLY and C. W. SIMON, JR.,* JJ.

M. J. KELLY, J. Third-party defendant Allstate Insurance Company appeals by leave granted from an order reversing an order of summary disposition in its favor. The question is whether Allstate effectively cancelled third-party plaintiff Michael Crenshaw's no-fault insurance prior to an accident that occurred on August 29, 1982. The answer turns upon whether Allstate's cancellation of Crenshaw's policy is governed by the mailing and notice provisions of § 3020 or § 3224 of the Insurance Code. MCL 500.3020; MSA 24.13020 and MCL 500.3224; MSA 24.13224.

The following facts are not in dispute. Crenshaw applied to Allstate for no-fault insurance on his automobile and was issued a binder on July 27, 1982, providing coverage for bodily injury, personal disability liability, uninsured motorist coverage, personal injury protection, collision and comprehensive. A few days later, in the course of investigating Crenshaw's application, Allstate discovered that Crenshaw's driver's license might have been suspended. On August 4, 1982, Allstate sent a notice of cancellation to Crenshaw by certified mail, return receipt requested, informing him that the policy would be cancelled as of August 25, 1982.

The notice of cancellation was returned to Allstate undelivered on August 30, 1982. On August 29, 1982, Crenshaw loaned his automobile to Carol Jean Bland, who was injured in an accident which arose out of her use of that vehicle. Allstate mailed a notice of cancellation to Crenshaw again on September 3, 1982, also by certified mail, which Crenshaw received on September 19, 1982.

* Circuit judge, sitting on the Court of Appeals by assignment.

Bland submitted a claim to the no-fault assigned claims fund and recovered lost wages, hospitalization and medical expenses from plaintiff Citizens Insurance Company of America. Citizens filed a complaint in district court against Crenshaw to recover payments made to Bland. Crenshaw responded with this third-party complaint against Allstate, claiming that he was insured on August 29, 1982, the day of the accident. Crenshaw and Allstate filed cross-motions for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). The district court granted Allstate's motion and denied Crenshaw's motion, and Crenshaw appealed to the circuit court.

By order entered April 30, 1985, the Wayne Circuit Court reversed and remanded this case to the district court for entry of an order of summary disposition in favor of Crenshaw. In a written opinion, the circuit court reasoned that § 3224 governed Allstate's cancellation of Crenshaw's policy since it was enacted later than § 3020 and it specifically addressed the cancellation of automobile liability insurance rather than the cancellation of casualty insurance in general. The court then construed § 3224 as requiring actual receipt of notice of cancellation in order to effectuate cancellation. Since it is undisputed that Crenshaw did not receive the required notice as of August 29, 1982, the court concluded that his policy was still in effect. Finally, the circuit court concluded that the same result would be reached even if § 3020 applied, because actual notice was also required under that provision.

We affirm the decision of the circuit court on the ground that the applicable cancellation statute is § 3020. To effectuate cancellation of insurance under § 3020, the insured must receive actual notice of cancellation at least ten days prior to the effec-

tive date. *Phillips v DAIIE,* 69 Mich App 512; 245 NW2d 114 (1976); *Citizens Ins Co of America v Lemaster,* 99 Mich App 325, 328; 298 NW2d 19 (1980), lv den 411 Mich 970 (1981). As noted by the trial court, it is not disputed that Crenshaw received actual notice of cancellation on September 19, 1982; his policy was therefore still in effect on the date of Bland's accident.

Our reasons for applying § 3020 rather than § 3224 are set forth in *Celina Mutual Ins Co v Falls,* 72 Mich App 130; 249 NW2d 323 (1976), lv den 399 Mich 849 (1977). Section 3224 was enacted prior to the effective date of the no-fault act, when liability insurance was all that was required as a condition to operating a motor vehicle in Michigan. With the passage of the no-fault act, motor vehicle owners must now maintain insurance coverage much broader than that provided under the old automobile liability policies. Section 3224 governed cancellation of the narrower liability policies formerly required and does not apply to the comprehensive casualty policies issued under the no-fault statute. 72 Mich App 134-135. Section 3020, on the other hand, applies to all policies of casualty insurance, "including all classes of motor vehicle coverage." Cases involving cancellation of no-fault policies have generally been decided on the basis of § 3020. See *Lease Car of America, Inc v Rahn,* 419 Mich 48; 347 NW2d 444 (1984); *National Ben Franklin Ins Co of Michigan v West,* 136 Mich App 436; 355 NW2d 922 (1984); *Grable v Farmers Ins Exchange,* 129 Mich App 370; 341 NW2d 147 (1983), lv den 419 Mich 851 (1984).

Allstate argues that § 3224 applies in the instant case because cancellation was attempted within fifty-five days after issuance of the binder. Apparently, Allstate believes that § 3020 would apply if it had attempted to cancel Crenshaw's policy be-

yond the first fifty-five days of coverage. We find no statutory or decisional authority to support Allstate's proposed application of the two notice statutes according to the length of time an insurance policy has been in effect. Section 3224(1) does provide that an insured may not appeal the decision of an insurer to cancel a liability policy that has been in effect for less than fifty-five days, but we have held that, even within the context of § 3224, the notice and mailing requirements are the same whether the decision to cancel is appealable (policy in effect fifty-five days or longer) or nonappealable (policy in effect less than fifty-five days). See *Dorsey v Michigan Mutual Liability Co,* 72 Mich App 607, 610-611; 250 NW2d 143 (1976), lv den 400 Mich 825 (1977). Moreover, the no-fault policy issued in *Celina Mutual, supra,* had also been in effect for less than fifty-five days when the insurer attempted cancellation.

Allstate also argues on appeal that Crenshaw's fraudulent representations rendered the binder issued on July 27, 1982, void ab initio. However, Allstate failed to present this argument to the district court. The question is not properly preserved for appeal.

We affirm the decision of the circuit court reversing the district court's order of summary judgment in favor of Allstate.

Affirmed.