**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 9, 2002**

MARTIN A. NOWELL,

    Plaintiff-Appellee,

v                                    No. 119013

TITAN INSURANCE COMPANY,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

TAYLOR, J.

    Plaintiff Martin Nowell was injured in an automobile accident that occurred after the effective date on a notice of cancellation that defendant mailed to the driver of the vehicle in which plaintiff was a passenger. The driver has indicated that, while the notice of cancellation was delivered to his address, he did not personally receive or learn of it until after the accident. The parties dispute whether actual notice to the insured was necessary to make the cancellation of the insurance policy effective. We conclude that, actual

notice to the insured is not required to effectuate the cancellation of an insurance policy under MCL 500.3020(1)(b). However, mailing of a notice of cancellation must be reasonably calculated to be delivered so as to arrive at the insured's address at least ten days before the date specified for cancellation for the notice to be effective. Accordingly, we reverse and remand this case to the circuit court for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

Defendant presented undisputed evidence that, on February 20, 1997, it mailed a notice of cancellation to Duane Isley with regard to the automobile that was insured under an insurance policy that defendant issued to Isley. The notice of cancellation provided that the insurance policy would be canceled effective March 5, 1997 at 12:01 a.m. unless Isley paid $240 before that date. It is undisputed that Isley did not make such a payment before the effective date of the notice.

At approximately 8:30 p.m. on March 5, 1997, plaintiff was injured in an automobile accident while a passenger in Isley's vehicle. Defendant declined to provide insurance coverage to Isley for this accident, claiming that no coverage existed because the accident occurred after the effective cancellation date stated on the notice . This led

2

to plaintiff bringing the present suit for insurance coverage.

In support of his claim, plaintiff presented evidence that Isley did not personally receive the notice of cancellation until after the motor vehicle accident.[1] The lower courts held that plaintiff was entitled to a grant of summary disposition on the ground that actual notice, i.e., personal receipt by the insured, was necessary for a notice of cancellation to be effective and that there was no genuine issue of material fact that Isley did not receive actual notice before the accident. The Court of Appeals affirmed. We granted defendant's application for leave to appeal.

## II. Standard of Review

Decisions on summary disposition motions are reviewed de novo. *CAM Construction v Lake Edgewood Condominium Ass'n,* 465 Mich 549, 553; 640 NW2d 256 (2002).

## III. Analysis

### A

The critical statutory provision, MCL 500.3020(1)(b),[2]

---

[1] Isley's statements in this regard are somewhat contradictory with respect to when exactly he first saw the notice of cancellation. However, for present purposes, we accept that Isley did not personally receive or see the notice of cancellation until after the accident.

[2] The pertinent language of MCL 500.3020(1) at the time of the events underlying this case in 1997 was identical to the language in the present version. The current version differs only in that it includes additional language excluding "mortgage guaranty insurance" from its requirements. Of

3

states in pertinent part:

> A policy of casualty insurance . . . ,
> including all classes of motor vehicle coverage,
> shall not be issued or delivered in this state by
> an insurer authorized to do business in this state
> for which a premium or advance assessment is
> charged, unless the policy contains the following
> provisions:[3]
>
> * * *
>
> (b) That the policy may be canceled at any
> time by the insurer *by mailing* to the insured at
> the insured's address last known to the insurer or
> an authorized agent of the insurer, with postage
> fully prepaid, a not less than 10 days' written
> notice of cancellation with or without tender of
> the excess of paid premium or assessment above the
> pro rata premium for the expired time. [Emphasis
> added.]

Plaintiff contends that actual notice is necessary for a notice of cancellation sent pursuant to this statutory provision to be effective. In contrast, defendant argues that, under this statutory language, a proper mailing of a notice of cancellation makes the notice effective regardless of whether it is actually received by the insured.

We conclude that the most basic principles of statutory construction resolve this matter. First, the plain and

---

course, that additional language is immaterial to the present case.

[3] It is undisputed that the insurance policy at issue complied with this statute by including the pertinent language.

4

unambiguous language of a statute must be applied as written.[4] Second, provisions of a statute that could be in conflict must, if possible, be read harmoniously.[5]

The plain language of MCL 500.3020(1)(b), which allows cancellation by a simple first-class mailing precludes a conclusion that an insured must receive some type of actual notice, i.e., be aware of the issuance of a notice of cancellation by the insurer, in order for an insurer's cancellation of the insured's policy to be effective. Rather, the statute provides by its clear language that an insurance policy "may be cancelled at any time by the insurer by mailing" in accordance with its provisions "a not less than 10 days' written notice of cancellation."[6] The plain import of

---

[4] As we stated in *Huggett v Dep't of Natural Resources,* 464 Mich 711, 717; 629 NW2d 915 (2001):

> If the statutory language is clear and unambiguous, then we conclude that the Legislature intended the meaning it clearly and unambiguously expressed, and the statute is enforced as written. No further judicial construction is necessary or permitted.

[5] As we noted in *Macomb Co Prosecutor v Murphy,* 464 Mich 149, 159; 627 NW2d 247 (2001), "[w]e construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature."

[6] The statute requires that (1) the mailing be addressed to "the insured at the insured's address last known to the insurer or an authorized agent of the insurer" and (2) the mailing be sent "with postage fully prepaid" in order to be

(continued...)

this language is that such a mailing does not require proof of service or even a delivery receipt. However, the notice that the insurer is required to mail must be "a not less than ten days' written notice of cancellation." Plaintiff contends that this means that the insurer must show that upon delivery there remained ten days until cancellation became effective. Yet, were this the case, it would leave the previously discussed mailing provision a nullity because mere notification by first-class mail would be insufficient to inform with regard to when actual delivery took place.

In such a case of tension, or even conflict, between sections of a statute, it is our duty to, if reasonably possible, construe them both so as to give meaning to each; that is, to harmonize them. Reading the statute here as a whole, we conclude that the first-class mailing must be done early enough to, with reasonable certainty, provide delivery to the insured at least ten days before the cancellation date. In other words, an insurer has the duty to mail far enough in advance of the beginning of the ten day period so as to reasonably ensure that the notice will arrive and provide an insured with the potential to have the full ten days' notice that the statute provides. While the Legislature

[6](...continued)
effective. There is no claim of a failure to meet those requirements in this case.

6

undoubtedly expected that this should ordinarily result in personal receipt of the notice of cancellation by the insured before it became effective, the statutory language utilized cannot fairly be read as requiring actual notice as a condition for a cancellation to become effective.[7]

Accordingly, we conclude that the statute should be construed to mean that the mailing must be reasonably calculated to be delivered so as to arrive at the insured's address at least ten days before the date specified for cancellation for the notice to be effective.[8]

---

[7] The partial dissent opts to not attempt to harmonize the statutory provisions at issue and, instead, argues for an actual delivery standard rather than a reasonably-calculated-to-arrive standard. This approach is flawed because it deprives the notice by mailing system, which is the one the Legislature adopted, of its intended effect.

[8] Plaintiff mistakenly also places reliance on another provision of the statute at issue. That provision states in pertinent part:

> The mailing of notice is prima facie proof of notice. [MCL 500.3020(5).]

Plaintiff essentially argues that this statutory language indicates that the mailing of a notice of cancellation is only "prima facie" proof that a notice of cancellation has become effective, reflecting that proof of a lack of actual notice can defeat that presumption. Plaintiff reads the language too broadly. Subsection 5 means that mailing a notice of cancellation should be taken as prima facie evidence that it actually reached the address to which it was mailed. As plaintiff does not contest that the notice of cancellation at issue was delivered (only when it was delivered), this section of the statute is of no consequence to the resolution of this matter.

In the present case, undisputed evidence indicates that defendant mailed Isley the notice of cancellation at issue on February 20, 1997, with the provision that it would become effective on March 5, 1997, at 12:01 a.m. unless Isley paid his past due premium before that time. Accordingly, the only question that needs to be resolved is whether mailing the notice of cancellation on February 20, 1997, was reasonably calculated to cause the notice to be delivered at Isley's address at least ten days before the time it was specified to become effective. Understandably enough, this point was not delved into by the parties nor addressed by the lower courts inasmuch as Court of Appeals precedent was clear that actual notice was required for a notice of cancellation to be effective. Because the parties may be able to provide further evidence regarding the number of days that would be necessary for the notice of cancellation at issue to have been reasonably calculated to arrive at Isley's address at least ten days before it was specified to become effective, we remand to the circuit court to resolve this question.

B

While our analysis of the text of the statute is dispositive, we note that our interpretation of MCL 500.3020(1)(b) is supported by an examination of the differences between the current statutory language and

8

predecessor language that imposed a stricter notice requirement. A predecessor statute, codified as 1948 CL 522.34, provided that an insurance policy subject to its provisions[9] "may be cancelled at any time by the company *by giving* to the insured a 5 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time" (emphasis added).

In *DeHaan v Marvin,* 331 Mich 231, 240-241; 49 NW2d 148 (1951), this Court, quite appropriately, held that mailing a notice of cancellation did not in itself suffice to comply with this earlier statutory language. Rather, cancellation could not have been effected under the statute then in effect until notice was received by the insured. In so holding, this Court relied on our earlier decision in *Galkin v Lincoln Mutual Casualty Co,* 279 Mich 327; 272 NW 694 (1937).[10] In *Galkin,* this Court pointedly stated that "[i]t is obvious that the insurer did not give notice to the insured by merely

---

[9] Like the current statute, the predecessor statute provided that it did not apply to worker's compensation policies.

[10] The statutory language at issue in *Galkin,* from an even earlier predecessor statute, was substantively identical to the statutory language at issue in *DeHaan* in providing that an insurance policy "may be canceled at any time by the company *by giving to the insured a five days' written notice of cancellation.*" *Id.* at 330, quoting 1929 CL 12461 (emphasis provided in *Galkin*).

9

mailing notice." *Id.* at 331.

However, the statute at issue in the present case does not require the "giving" of notice, but rather only the *mailing* of notice in accordance with its provisions. There is a significant distinction between requiring the "giving" of notice and requiring the "mailing" of notice. The *Galkin* Court itself recognized this distinction by concluding that merely "mailing" notice does not constitute "giving" notice. Against the background of *DeHaan* and *Galkin,* it is all the more clear that the mailing of a notice of cancellation in compliance with the requirements of MCL 500.3020(1)(b) suffices to make that notice effective, even if the "mailing" somehow does not result in actual notice to the insured or, in other words, does not "give" the insured notice.

C

In reaching the opposite conclusion, the Court of Appeals relied on its prior statement in *American States Ins Co v Auto Club Ins Ass'n,* 193 Mich App 248, 254; 484 NW2d 1 (1992), that "[a]ctual notice of cancellation must be received by the insured before the cancellation is effective." In support of this statement, the *American States* panel cited the earlier Court of Appeals opinions in *Citizens Ins Co of America v Crenshaw,* 160 Mich App 34, 37-38; 408 NW2d 100 (1987), and *Citizens Ins Co of America v Lemaster,* 99 Mich App 325, 328;

10

298 NW2d 19 (1980). *Crenshaw* and *Lemaster* each cited *Phillips v DAIIE,* 69 Mich App 512; 245 NW2d 114 (1976), in support of their conclusions that actual notice is required for a notice of cancellation under MCL 500.3020 to be effective. *Crenshaw, supra* at 37-38; *Lemaster, supra* at 328. In *Phillips, supra* at 515, the panel cited *Gooden v Camden Fire Ins Ass'n,* 11 Mich App 695; 162 NW2d 147 (1968), in support of its conclusion that actual notice is required for a notice of cancellation under the statute to be effective. Finally, *Gooden, supra* at 697, relied on this Court's decisions in *DeHaan* and *Galkin,* in concluding that MCL 500.3020 "requires actual receipt of notice of cancellation by the insured to effectuate cancellation of an insurance contract." However, as discussed above, *DeHaan* and *Galkin* involved predecessor statutes that required the *giving* of notice for cancellation to be effective—unlike the language of MCL 500.3020 that expressly provides for cancellation to be effected by merely *mailing* a notice of cancellation in accordance with the statutory requirements. Thus, *Gooden* was wrongly decided because it relied on inapplicable precedent and failed to consider the actual language of MCL 500.3020.[11] Accordingly, we overrule

---

[11] We note that the purpose of the change in the statute from requiring the "giving" of notice to requiring the "mailing" of the notice would, obviously, seem to be to allow insurers to cancel insurance policies merely by "mailing"
(continued...)

11

*Gooden* and its progeny to the extent that they are inconsistent with this opinion.[12]

## IV. Conclusion

In sum, we conclude that actual notice or receipt of a notice of cancellation under MCL 500.3020 is unnecessary for the notice to become effective. However, the notice must be mailed so as to be reasonably calculated to arrive at the appropriate address at least ten days before the cancellation date. Accordingly, the circuit court must consider whether the mailing in this case complied with that standard.[13] We

---

[11](...continued)
written notices of cancellation. However, the lower courts' interpretation of this statute does not comport with this purpose because it allows insureds to avoid cancellation of such policies by consciously avoiding knowing the content of their mailboxes. Thus, it does not allow insurers to effectively cancel policies by mailing notices of cancellation. In other words, under the lower courts' interpretation, the only practical way that an insurer could be certain that a policy is effectively canceled would seem to be to personally deliver the notice of cancellation to the insured, which is clearly above and beyond what the Legislature has expressly required.

[12]We note that not all Court of Appeals panels presented with the question have interpreted MCL 500.3020(1)(b) in a manner like *Gooden*. As noted by defendant, in *Raptis v Safeguard Ins Co,* 13 Mich App 193, 199; 163 NW2d 835 (1968), the Court concluded, consistently with our analysis, that MCL 500.3020 does not require actual notice for a notice of cancellation to be effective.

[13] In light of our analysis, we do not reach defendant's alternative argument that, if actual notice is required to effect cancellation, there is a genuine issue of material fact about Isley's credibility in denying that he personally
(continued...)

12

reverse the judgment of the Court of Appeals and remand this case to the circuit court for further proceedings consistent with this opinion.

CORRIGAN, C.J., and CAVANAGH, WEAVER, YOUNG, and MARKMAN, JJ., concurred with TAYLOR, J.

---

[13] (...continued)
received the notice of cancellation before the accident.

MARTIN A. NOWELL,

    Plaintiff-Appellee,

v                                       No. 119013

TITAN INSURANCE COMPANY,

    Defendant-Appellant.

_____

KELLY, J. (*concurring in part and dissenting in part*).

I agree with the majority's conclusion that MCL 500.3020 does not require actual notice. I also agree that the statute does require written notification of an insurance policy's cancellation reasonably calculated to arrive at the insured's address at least ten days before cancellation.

I depart from the majority when it narrows the notice requirement of MCL 500.3020 with its interpretation of subsection 5. That subsection creates a rebuttable presumption that proper mailing under MCL 500.3020(1)(b) evidences notice.[1] Because proper notice is that which

---

[1] "The mailing of notice is prima facie proof of notice." MCL 500.3020(5).

arrives at least ten days before the cancellation date,[2] the presumption should be rebuttable by evidence that the notice did not arrive in a timely manner.  The majority errs to the extent that it states that the presumption is rebuttable only with evidence that the notice did not arrive at all.  In so concluding, it eviscerates the requirement that notice arrive at least ten days before cancellation.  Slip op at 7, n 8.

Although the majority's misconstrual of subsection 5 is arguably dictum and is set forth without substantive analysis, lower courts are likely to rely on it.  Moreover, the error underlies the majority's entire analysis of MCL 500.3020, which runs contrary to the notion that it should be interpreted to benefit the insured.  The analysis brushes aside the statutory objective that the insured have ten days to act on a notice of cancellation.  See *Lease Car of America, Inc v Rahn*, 419 Mich 48, 54; 347 NW2d 444 (1984).  By failing to recognize that proper mailing is only prima facie proof of the required ten days' notice, the majority minimizes the statutory notice requirement to the point of obscurity.

The majority acknowledges that proof of proper mailing is rebuttable evidence of proper notice.  However, it simultaneously renders that proposition toothless by asserting

_____

[2]As described by the statute, "a not less than 10 days' written notice . . . ."  MCL 500.3020(1)(b).

2

that a first-class, postage-paid mailing "inform[s] with regard to when actual delivery took place." Slip op at 6. The majority finds that the only question here is whether defendant's mailing was reasonably calculated to arrive at the insured's address at least ten days before the date of cancellation. Slip op at 8. This amounts to a refusal to give effect to the statutory mandate that proper mailing is prima facie proof of notice, not irrefutably presumptive notice.

The majority is mistaken in limiting MCL 500.3020 to a mailing requirement rather than a notice requirement. The statute by its language requires that written notice arrive at the insured's address at least ten days before cancellation.

On remand, I would direct the trial court to determine (1) whether defendant's notice was reasonably calculated to arrive at least ten days before the cancellation date, and (2) if so, whether there is evidence proving that the notice did not in fact arrive at least ten days before the cancellation date.