*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARGARET HARRIS,

        Plaintiff,

and

ALWAYZ ON TIME TRANSPORTATION,

        Intervening Plaintiff,

v

THOMAS MOORE and MILLER PIPELINE, LLC,

        Defendants,

and

FARMERS INSURANCE EXCHANGE,

        Defendant/Third-Party Plaintiff-
        Appellant,

v

USA UNDERWRITERS,

        Third-Party Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 364669
Wayne Circuit Court
LC No. 21-006260-NI

Before: BOONSTRA, P.J., and CAVANAGH and PATEL, JJ.

PER CURIAM.

Farmers Insurance Exchange (Farmers), the insurer assigned by the Michigan Automobile Insurance Placement Facility (MAIPF), appeals as of right, challenging an order granting summary disposition in favor of USA Underwriters (Underwriters) in this priority dispute regarding the payment of personal injury protection (PIP) insurance benefits under the no-fault act, MCL

-1-

500.3101 *et seq.*, to plaintiff, Margaret Harris, after she was allegedly injured while riding in a vehicle owned by her mother and ostensibly insured by Underwriters. We reverse and remand.

## I. BACKGROUND FACTS

On August 8, 2020, Margaret was a passenger in her mother's vehicle when she was involved in an automobile accident and allegedly sustained injuries. On May 21, 2021, she filed her complaint against the other driver involved in the accident, Thomas Moore, and his employer, Miller Pipeline, LLC. Plaintiff also named Farmers as a defendant, alleging that she was entitled to, but wrongfully denied, first-party PIP benefits.[1]

Subsequently, Farmers filed a third-party complaint against Underwriters, alleging that plaintiff's claim for PIP benefits was assigned to Farmers by the MAIPF but, in fact, Margaret lived with her mother, Marisa Harris, who was insured by Underwriters at the time of the accident. Therefore, Farmers alleged, Underwriters was first in priority to pay PIP benefits, not Farmers. Farmers sought a declaratory ruling that Underwriters was the highest priority insurer and a judgment in the amount of benefits it had paid to Margaret. In its initial disclosures filed under MCR 2.302, Underwriters asserted that "there was no active policy of insurance with Marisa Harris, the alleged resident relative of Margaret Harris on the date of the accident. The policy was cancelled for non-payment of premiums on July 23, 2020."

On September 1, 2022, Underwriters filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that Marisa Harris executed an application for automobile insurance and made an initial payment for the policy on July 8, 2020. A schedule of future payments required under the policy was allegedly provided to Harris at that time which stated that the next premium installment in the amount of $214.49 was due two days later, on July 10, 2020. Underwriters argued that Harris did not make the required payment and a Notice of Cancellation, dated July 13, 2020, was sent to Harris which stated that the policy would be cancelled if payment was not "received or postmarked before" July 23, 2020. The cancellation date and time was stated to be "07/23/2020 12:01 AM." Underwriters argued that Harris did not, in fact, pay the applicable premium and the policy was cancelled effective July 23, 2020. Therefore, at the time of the automobile accident on August 8, 2020, Harris was not insured by Underwriters. Accordingly, Underwriters was not liable to pay PIP benefits with regard to Margaret under any policy of insurance and Farmers' claim against it must be dismissed as a matter of law.

On September 28, 2022, Farmers filed a response to Underwriters' motion for summary disposition, arguing that Underwriters' purported cancellation of Harris's insurance policy failed to comply with MCL 500.3020(1)(b) and *Yang v Everett Nat'l Ins Co*, 507 Mich 314, 325-326; 968 NW2d 390 (2021); therefore, it was of no legal effect and the policy of insurance remained in force at the time of the accident at issue. Consequently, Farmers argued, it was entitled to summary disposition under MCR 2.116(I)(2). In particular, Farmers argued, Underwriters' proposed cancellation notice was conditional and was sent before the time to make the payment had passed—which did not comport with MCL 500.3020(1)(b). See *Yang v Everest Nat'l Ins Co*, 329

---

[1] By Order entered May 27, 2022, Alwayz On Time Transportation was allowed to intervene in this action as a plaintiff health care provider which provided medical services to Margaret.

Mich App 461, 469-470; 942 NW2d 653 (2019), affirmed 507 Mich 314, 325-326 (2021). To the contrary, Farmers argued, Underwriters' July 13, 2020 purported notice of cancellation was sent before the premium payment was due and was "explicitly conditioned upon her failing to submit payment by July 23, 2020." Therefore, its policy of insurance was still in effect at the time of Harris's accident and Underwriters' motion for summary disposition must be denied. Moreover, Farmers argued, Underwriters' purported notice of cancellation was not sent to Harris so that she received it at least ten days before the cancellation became effective, as discussed in *Nowell v Titan Ins Co*, 466 Mich 478, 483-484; 648 NW2d 157 (2002); therefore, Harris had insurance on the date of the accident. And Farmers—as a MAIPF servicing insurer—was entitled to reimbursement and indemnification under MCL 500.3175(2) for the PIP benefits provided in this matter.

On October 13, 2022, Underwriters filed a reply brief in support of its motion for summary disposition arguing that, unlike in the *Yang* case, here, "the grounds for cancellation had already occurred before [it] issued the notice of cancellation. The [] insured missed her payment of $214.49 due on July 10, 2020. The notice of cancellation was issued on July 13, 2022—after the premium payment was already missed." Consequently, Underwriters argued, the notice of cancellation complied with both MCL 500.3020(1)(b) and *Yang*. And, further, because the notice was issued on July 13 and the cancellation was not effective until July 23, the 10-day-written-notice requirement set forth in MCL 500.3020(1)(b) was also met. Therefore, Farmers was not entitled to reimbursement from Underwriters for any benefits Farmers paid arising out of Harris's accident.

On October 27, 2022, the trial court held oral arguments on Underwriters' motion for summary disposition. The parties argued consistently with their briefs, after which the trial court held that Underwriters' notice of cancellation clearly stated that the policy would be cancelled unless payment was received or postmarked before July 23—which was sufficient—and Underwriters' motion for summary disposition was granted. On October 28, 2022, an order was entered granting Underwriters' motion for summary disposition and dismissing Farmers' case against Underwriters.

On November 2, 2022, Farmers filed a motion for reconsideration, arguing that the trial court committed palpable legal error because Underwriters' notice of cancellation was not effective in that it was not "peremptory, explicit and unconditional" as required under our Supreme Court's decision in *Yang*, 507 Mich at 325-326. Although Underwriters claimed that Harris missed the payment due on July 10, 2020, it never established that fact with admissible documentary evidence. Further, even if Harris did miss the July 10, 2020 payment, the notice of cancellation did not state that fact or that the policy was cancelled because she had missed that payment. And the notice was not peremptory or unconditional because cancellation could have been avoided by making the required payment by July 23, 2020. Farmers also argued that the purported cancellation did not comply with the 10-day-written-notice requirement discussed in *Nowell*, 466 Mich 483-484. That is, even if the notice of cancellation was sent on July 13, 2020 as claimed, then Harris would not have received that notice at least ten days before July 23, 2020, the date specified for cancellation. Therefore, Farmers argued, Underwriters purported cancellation of Harris's policy was ineffective and that policy was still in effect on the date of the accident. Accordingly, Farmers argued, the trial court erred when it granted summary disposition in favor of Underwriters and not in favor of Farmers.

On November 16, 2022, the trial court entered a stipulated order of dismissal as to plaintiff's claim against defendant Farmers after there was mutual acceptance of the case evaluation award. On December 15, 2022, a stipulated order of dismissal as to plaintiff's claims against defendants Moore and Miller Pipeline was entered by the trial court.

On December 27, 2022, the trial court entered an opinion and order denying Farmers' motion for reconsideration on the ground that the motion presented the same issues previously considered and rejected by the court when it granted Underwriters' motion for summary disposition. On January 19, 2023, the trial court entered a stipulated order of dismissal as to the claim of intervening plaintiff Alwayz on Time Transportation's after a settlement was reached. On January 24, 2023, Farmers filed its claim of appeal.

On appeal, Farmers argues that Underwriters' cancellation notice did not comply with MCL 500.3020(1)(b) or prevailing law because it was not "peremptory, explicit and unconditional" and the 10-day-written-notice requirement was not met; therefore, the trial court erred in concluding that the cancellation notice was effective and Harris did not have insurance on the date of the automobile accident. We agree with both arguments.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant a motion for summary disposition. *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 620; 637 NW2d 536 (2001). Underwriters sought summary disposition under both MCR 2.116(C)(8) and (C)(10), and the court did not specify under which subrule it granted summary disposition. However, documents outside the pleadings were relied upon by the parties and considered by the trial court so we review the court's decision under MCR 2.116(C)(10). See *Mazzola v Deeplands Dev Co, LLC*, 329 Mich App 216, 223; 942 NW2d 107 (2019).

A motion for summary disposition under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). However, as MCR 2.116(I)(2) states: "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

## B.  CANCELLATION NOTICE

### 1.  "PREEMPTORY, EXPLICIT, AND UNCONDITIONAL" NOTICE REQUIREMENT

Farmers argues that Underwriters' cancellation notice did not comply with MCL 500.3020(1)(b) because it was not "peremptory, explicit and unconditional."  We agree.

The cancellation of insurance policies is governed by MCL 500.3020, which provides, in relevant part:

(1) A policy of casualty insurance, except worker's compensation and mortgage guaranty insurance, including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:

* * *

(b) Except as otherwise provided in subdivision (d), that the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time.

As this Court observed in *Yang*, 329 Mich App at 468, MCL 500.3020 imposes "procedural requirements that the insurer must follow to cancel a policy."  And, this Court held, for "a cancellation to take place, the event triggering the right to cancel must have taken place first."  *Id*. at 470.  In other words, if nonpayment is the triggering event, "it is only after the nonpayment that the insurer may properly notify the insured of cancellation."  *Id*.  The insurer may then advise "that because of an already-occurred failure to pay, the policy will be canceled in ten days."  *Id*.  At that point, then, the insured has the requisite "ten days' notice to cure the reason for cancellation."  *Id*.

Our Supreme Court agreed with this Court's holding, noting that the meaning of the phrase "notice of cancellation," as used in the statute, was dispositive.  *Yang*, 507 Mich at 323.  And, after a historical review of case law, the Supreme Court concluded that the phrase "notice of cancellation," in the context of that statute, "require[s] cancellation notices to be peremptory, explicit, and unconditional."  *Id*. 325-326.  That is, the notice of cancellation must be unequivocal in stating that the policy will, in fact, be cancelled—not that the policy could or would be cancelled if a condition was not met (like if the premium was not paid) or that the insurer intended or desired to cancel the policy.  *Id*. at 323-324.  When the cancellation notice is deemed invalid under MCL 500.3020(1)(b), the insurance policy remains in effect consistent with the terms of the policy.  *Id*. at 326.

In this case, on July 8, 2020, Harris applied for automobile insurance with Underwriters. The policy term was July 8, 2020 to January 8, 2021.  The premium and fees totaled $1,173.00.  A "Courtesy Notice" dated July 8, 2020 was allegedly provided to Harris and set forth a "schedule of future payments."  It indicated that installment number one in the amount of $214.49 was due

two days later, on July 10, 2020.[2] It also noted that installment number zero in the amount of $100.55 was due on July 8, 2020—the date of the application for insurance.

The notice of cancellation in this case states that it was "prepared on" July 13, 2020. It further states, "Minimum Payment must be received or postmarked before 7/23/2020 to prevent cancellation of your policy." The notice set forth the "Cancellation Date/Time" as "07/23/2020 12:01 AM." The purported cancellation notice does not state that a premium payment is past due—it just states that a minimum payment must be received by a future date. This notice of cancellation is not "peremptory, explicit, and unconditional" so as to comport with the requirements of MCL 500.3020(1)(b). See *Yang*, 507 Mich at 325-326. That is, Underwriters' notice of cancellation is not unequivocal in stating that the policy will be, in fact, cancelled.[3] Instead, the notice of cancellation states that payment "must be received or postmarked before 7/23/2020 to prevent cancellation of your policy." And under the heading "Important Information," the notice of cancellation states that "the coverage outlined in your insurance policy will cease and terminate as indicated above unless we receive your Minimum Amount Due before the Cancellation Date. The failure to pay before the cancellation date will subject your policy to cancellation." Nowhere on the notice of cancellation does it state that Harris missed a premium payment and, consequently, her automobile insurance policy will be cancelled. Rather, the notice of cancellation that was prepared on July 13, 2020 (5 days after she obtained the insurance) states that the policy could or would be cancelled if a condition is not met, i.e., if the premium is not paid by July 23, 2020. See *id*. at 326. Therefore, contrary to the trial court's holding, the cancellation notice relied upon by Underwriters is invalid under MCL 500.3020(1)(b), and the automobile insurance policy issued to Harris by Underwriters remained in effect on August 8, 2020, the date of the accident at issue in this case. See *id*. Accordingly, the trial court erred when it granted Underwriters' motion for summary disposition and dismissed Farmers' case against Underwriters. That order is reversed and this matter is remanded for entry of an order granting summary disposition in favor of Farmers under MCR 2.116(I)(2).

## 2. 10-DAY-WRITTEN-NOTICE REQUIREMENT

Farmers also argues that Underwriters' cancellation notice did not comply with MCL 500.3020(1)(b) because it failed to satisfy the 10-day-written-notice requirement. We agree.

Although we need not consider this issue in light of our conclusion that the cancellation notice was ineffective because it was not "peremptory, explicit, and unconditional," we briefly note for edification purposes that the notice also did not comply with the 10-day-written-notice requirement. As our Supreme Court held in *Nowell*, 466 Mich at 483-484:

---

[2] This "Courtesy Notice" stated in bold, capital letters, the following: "THIS IS A COURTESY NOTICE THAT YOU MAY USE TO MAKE YOUR PAYMENT; HOWEVER, YOU WILL RECEIVE ANOTHER BILLING NOTICE." There is no evidence that Harris received "another billing notice."

[3] We note that such a cancellation notice must use words and phrases like "will be cancelled" and not "is cancelled" because insurers like Underwriters are required under MCL 500.3020(1)(b) to provide "not less than 10-days' written notice of cancellation . . . ."

Reading [MCL 500.3020] as a whole, we conclude that the first-class mailing must be done early enough to, with reasonable certainty, provide delivery to the insured at least ten days before the cancellation date. In other words, an insurer has the duty to mail far enough in advance of the beginning of the ten day period so as to reasonably ensure that the notice will arrive and provide an insured with the potential to have the full ten days' notice that the statute provides.

Here, the notice of cancellation states that it was "Prepared on 7/13/2020" and that "Minimum Payment must be received or postmarked before 7/23/2020 to prevent cancellation of your policy." Although there is no evidence as to the date of "the first-class mailing," even if done on July 13, 2020, it was not "done early enough to, with reasonable certainty, provide delivery to the insured at least ten days before the cancellation date" of July 23, 2020. See *id*. In other words, the mailing was not reasonably calculated to be delivered so as to arrive at Harris's address at least ten days before the date specified for cancellation. See *id* at 484. Therefore, the notice of cancellation was not effective. Accordingly, the trial court erred when it granted Underwriters' motion for summary disposition and dismissed Farmers' case against Underwriters.

Reversed and remanded for entry of an order granting summary disposition in favor of Farmers under MCR 2.116(I)(2). We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Sima G. Patel