*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARKISE STEANHOUSE,

        Plaintiff-Appellee,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY and MICHIGAN
ASSIGNED CLAIMS PLAN,

        Defendants-Appellants,

and

JOHN DOE INSURANCE COMPANY,

        Defendant.

FOR PUBLICATION
December 22, 2022
9:15 a.m.

No. 359576
Wayne Circuit Court
LC No. 20-014854-NF

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

GARRETT, J.

The Michigan Assigned Claims Plan (MACP), operated by the Michigan Automobile Insurance Placement Facility (MAIPF), assigns no-fault insurance claims made by individuals without personal protection insurance (PIP) coverage to participating insurers. Claims through the MACP differ from claims brought under a no-fault insurance policy, and the no-fault act, MCL 500.3101 *et seq.*, sets forth different eligibility requirements for PIP benefits in each circumstance.

Plaintiff Markise Steanhouse sought benefits through the MACP for injuries arising out of a car accident in Ohio. Defendants, the MAIPF and MACP, moved for summary disposition, arguing that Steanhouse was ineligible for PIP benefits because his accident occurred outside of Michigan. The trial court denied the motion. We hold that MCL 500.3172, which governs eligibility for claims brought through the MACP, requires a claimant to establish that the accident occurred in Michigan. Because the accident at issue occurred in Ohio, defendants were entitled to summary disposition. We reverse and remand.

-1-

## I. FACTUAL BACKGROUND

In November 2019, Steanhouse was injured in a motor vehicle accident in Ohio.[1] Steanhouse applied for PIP benefits through the MACP in September 2020. Alleging that defendants unlawfully refused to assign an insurer to pay him PIP benefits, Steanhouse brought suit. Defendants moved for summary disposition, arguing that in order to claim PIP benefits through the MACP under MCL 500.3172(1), the accident giving rise to the claim must have occurred in the state of Michigan. Defendants reasoned, therefore, that Steanhouse was not entitled to receive PIP benefits through the MACP because there was no genuine issue of material fact that the accident occurred in Ohio.

Steanhouse responded, disputing defendants' interpretation of MCL 500.3172(1). Steanhouse also asserted that under MCL 500.3111, he was entitled to PIP benefits because he (1) was involved in an accident which occurred in the United States, (2) was an occupant of a vehicle and was injured, and (3) was a resident of the state of Michigan. He noted further that MCL 500.3113, a provision detailing who is not entitled to PIP benefits, made no mention of out-of-state accidents involving in-state residents.

Defendants replied, arguing MCL 500.3172 only applied to in-state accidents and contending that MCL 500.3111 did not control the case. In defendants' view, MCL 500.3111 contemplated insurance policies in effect for named insureds, spouses, resident relatives, or occupants of insured vehicles, whereas MCL 500.3172 specifically applied to the MACP and the MAIPF. Thus, MCL 500.3172, not MCL 500.3111, applied here.

The trial court denied defendants' motion for summary disposition, stating that "MCL 500.3172 conflicts with MCL 500.3111 and otherwise cannot be interpreted as depriving assigned coverage to Michigan residents simply because they were injured in accidents in other states." Defendants moved for reconsideration, arguing that the trial court erred when it ruled MCL 500.3172 and MCL 500.3111 conflict, and that even if the statutes conflicted, MCL 500.3172 should apply because it was the more specific statute. The trial court denied reconsideration and explained that it "does not believe that otherwise uninsured Michigan residents lose their right to coverage through MAIPF when they are injured in an accident that occurs in another state." Defendants filed an application for leave to appeal the trial court's order denying summary disposition, arguing again that Steanhouse was ineligible to receive PIP benefits through the MACP under MCL 500.3172(1). We granted the application to resolve this question of statutory interpretation under the no-fault act.[2]

---

[1] While Steanhouse initially alleged in his complaint that the accident occurred in Michigan, he later admitted in his response to defendants' motion for summary disposition that the accident occurred in Ohio. His application for PIP benefits through the MACP also stated that a police report was made with the "Ohio Police Department."

[2] *Steanhouse v Mich Auto Ins Placement Facility*, unpublished order of the Court of Appeals, entered April 22, 2022 (Docket No. 359576).

## II.  STANDARD OF REVIEW

"We review de novo both the denial of a motion for summary disposition and questions of statutory interpretation." *Rouch World, LLC v Dep't of Civil Rights*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162482); slip op at 11.  That means that we review the legal issues independently and without deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).  Under MCR 2.116(C)(10),[3] the party moving for summary disposition is entitled to judgment as a matter of law when there is no genuine issue of material fact. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

## III.  ANALYSIS

The parties dispute whether a person is entitled to PIP benefits through the MACP when the accident giving rise to the claim occurred outside of Michigan.  The answer to this question rests on the proper interpretation of MCL 500.3172(1).  "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018).  "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *Rouch World,* ___ Mich at ___; slip op at 11-12 (quotation marks and citation omitted).

Generally, if no PIP insurance is available, "a person may obtain benefits through the [MACP], which serves as the insurer of last priority." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015).  Entitlement to PIP benefits through the MACP, however, depends on satisfying eligibility criteria for claimants set forth in MCL 500.3172(1), which states in relevant part:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply . . . .

Thus, to be eligible for benefits through the MACP, a claimant must show that his injuries arose out of the "ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle *in this state.*"  MCL 500.3172(1) (emphasis added).  When an accident does not occur "in this state"— i.e., Michigan—a claimant is not entitled to PIP benefits through the MACP.  The accident here

---

[3] Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10).  The trial court did not specify which court rule it relied on when denying summary disposition, but defendants submitted evidence beyond the pleadings in support of its motion.  We therefore construe the trial court as having denied the motion under MCR 2.116(C)(10).  See *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 3 n 6.

occurred in Ohio.  Applying the plain language of MCL 500.3172(1), defendants are not obligated to provide PIP benefits to Steanhouse for a claim arising from this out-of-state accident.  Our Supreme Court has previously suggested as much, stating in a footnote: "The plaintiff was out of state when the accident occurred.  If the accident occurred in-state he would have been covered by the assigned claims plan of the no-fault act." *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 529 n 9; 502 NW2d 310 (1993), citing MCL 500.3172(1).[4]  While dictum in *Rohlman*, we adopt that interpretation here.

Although Steanhouse has not filed a brief on appeal, he argued below that use of the disjunctive "or" in MCL 500.3172(1) meant that coverage through the MACP was appropriate when a bodily injury arose out of 1) ownership; 2) operation; 3) maintenance; or 4) use of a motor vehicle as a motor vehicle in this state.  In other words, Steanhouse contended that the "in this state" clause applied only to "use" of a motor vehicle and not to ownership, operation, or maintenance.  This interpretation is mistaken.  Essentially, Steanhouse attempts to apply the last-antecedent rule, a canon of statutory interpretation which generally provides that "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent." *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002).  But the rule "does not apply when its application results in a construction that is contrary to the plain language of the statute." *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 250; 801 NW2d 629 (2010).  Applying the clause "of a motor vehicle as a motor vehicle in this state" only to "use" is contrary to the plain language of MCL 500.3172(1).  Indeed, this clause necessarily modifies *each* of its preceding nouns: ownership, operation, maintenance, and use.  Otherwise, the words "ownership, operation, [and] maintenance" would be unmodified and devoid of any context.

The trial court, however, denied defendants' motion for summary disposition, reasoning that MCL 500.3172 conflicts with MCL 500.3111, and therefore Steanhouse was not precluded from receiving PIP benefits.  This conclusion was an erroneous application of principles of statutory interpretation.

When interpreting differing provisions of an act, we construe the act "as a whole to harmonize its provisions and carry out the intent of the Legislature." *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001).  Thus, "provisions of a statute that could be in conflict must, if possible, be read harmoniously." *Nowell v Titan Ins Co*, 466 Mich 478, 482; 648 NW2d 157 (2002).  Considering their different purposes, MCL 500.3111 and MCL 500.3172 can be harmonized to effectuate the intent of the no-fault act.

---

[4] The no-fault act was most recently amended effective June 11, 2019.  2019 PA 21.  Because the accident giving rise to Steanhouse's claim occurred after the effective date, the amended provisions apply to this case.  But the relevant statutory language of MCL 500.3172(1) is substantively unchanged from the version in effect when *Rohlman* was decided.  See MCL 500.3172, as amended by 1984 PA 426.

MCL 500.3111 defines the circumstances under which no-fault insurers must pay PIP benefits to claimants, stating:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions, or Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, the spouse of a named insured, a relative of either domiciled in the same household, or an occupant of a vehicle involved in the accident, if the occupant was a resident of this state or if the owner or registrant of the vehicle was insured under a personal protection insurance policy . . . .

Put differently, MCL 500.3111 generally informs claimants of the circumstances under which PIP benefits are payable, while MCL 500.3172 sets forth the eligibility criteria for claimants to seek PIP benefits through the MACP when no insurance is readily applicable and the accident occurs in Michigan. These provisions apply in different settings, as the Legislature created a statutory scheme specific to claims brought under the MACP. See MCL 500.3114(6) (stating a person shall claim PIP benefits "under the assigned claims plan under [MCL 500.3171 to MCL 500.3175]" when no higher-priority sources of PIP coverage are available). And nothing in MCL 500.3111 references the MAIPF or the MACP. Importing statutory language relevant to claims brought under a no-fault policy to govern claims brought through the MACP is inconsistent with the plain language of the statute. Because Steanhouse seeks PIP benefits through the MACP, he must meet the criteria of MCL 500.3172, not MCL 500.3111, to be eligible. Therefore, the trial court erred when it denied defendants' motion for summary disposition because the statutes can be read harmoniously to effectuate their separate purposes.

Furthermore, even assuming MCL 500.3172 and MCL 500.3111 cannot be read in harmony, MCL 500.3172 is the more specific statute and should control. See *In re Huntington Estate*, 339 Mich App 8, 22; 981 NW2d 72 (2021) ("[I]f two provisions in a statute conflict, we must apply the more specific one."). Although MCL 500.3111 generally provides PIP benefits for claimants when an accident occurs outside of Michigan, it does not dictate the terms by which claimants may receive PIP benefits through the MACP and MAIPF. Rather, MCL 500.3172 defines who is eligible to receive PIP benefits through the MACP and specifically states that claimants whose accidents occur in Michigan are eligible. Because MCL 500.3172 applies to the MACP and MAIPF, and Steanhouse is seeking PIP benefits through the MACP and MAIPF, applying MCL 500.3111 is improper.

## III. CONCLUSION

MCL 500.3172(1) requires a claimant seeking benefits through the MACP to show that the accident giving rise to the claim occurred in Michigan. Because Steanhouse's accident occurred in Ohio, defendants were entitled to deny his claim for PIP benefits. Accordingly, we reverse the trial court's order denying defendants' motion for summary disposition and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly