*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CYNTHIA JACKSON,

       Plaintiff-Appellee,

v

JOHN DOE and EDDIE JENNARD
RICHARDSON,

       Defendants,

and

USA UNDERWRITERS,

       Defendant-Appellant.

UNPUBLISHED
September 19, 2024

No. 367269
Wayne Circuit Court
LC No. 23-002069-NI

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

In this first-party automobile negligence action, defendant, USA Underwriters (USAU), appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for the trial court to enter an order granting USAU summary disposition.

USAU contracted with the insured, Willie Jackson, to provide auto insurance coverage, including uninsured motorist benefits, for a 2000 Buick Lesabre, from January 6, 2020, to July 6, 2020. USAU provided a notice of cancellation on January 9, 2020, after Willie Jackson failed to pay the premium amount owed of $980.58 on January 8, 2020. The notice stated coverage would terminate "unless we [USAU] receive your Minimum Amount Due before the Cancellation Date." The cancellation date was January 19, 2020, at 12:01 a.m. The reason for cancellation was "NON

---

[1] *Jackson v Doe*, unpublished order of the Court of Appeals, entered December 28, 2023 (Docket No. 367269).

PAYMENT OF PREMIUM." Willie Jackson failed to pay by the due date, the policy was canceled, and there was no coverage on the subject vehicle from January 19, 2020, to December 7, 2020.

On June 2, 2020, plaintiff, Cynthia Jackson, was a passenger in the Lesabre owned by her father, Willie Jackson, and was allegedly injured after being involved in a motor vehicle accident. In 2023, plaintiff filed suit, seeking no-fault uninsured motorist coverage from USAU.

USAU moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10), arguing the policy of insurance was canceled on January 19, 2020, for nonpayment of premiums and there was no policy with USAU under which plaintiff could bring a claim for uninsured motorist coverage. Plaintiff opposed the motion, arguing relief should not be granted under MCR 2.116(C)(8) because her claim for uninsured motorist benefits from USAU was legally cognizable and in accordance with a contract; and relief should not be granted under MCR 2.116(C)(10) because discovery was ongoing and the motion was premature. USAU replied arguing further discovery would not offset or dispute the unambiguous exhibits attached to its motion. The trial court held a hearing and denied USAU's motion under MCR 2.116(C)(10), as there was no genuine issue of material fact that the notice of cancellation was ineffective because the language in the notice of cancellation was conditional, in violation of MCL 500.3020(1)(b). The trial court concluded the notice of cancellation was conditional because it "made cancellation of Willie Jackson's policy conditional upon whether [USAU] received his minimum amount due, before the cancellation date." USAU now appeals.

USAU argues the notice of cancellation was sent after the insured, Willie Jackson, failed to pay his bill. USAU argues providing Willie Jackson with 10-days' notice did not render the cancellation notice "conditional" or otherwise ineffective, but was required by statute. This Court agrees.

"Insofar as [a] motion for summary disposition involves questions regarding the proper interpretation of a contract, this Court's review is de novo." *Duato v Mellon*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362823); slip op at 3 (quotation marks and citation omitted). "Statutory interpretation is a question of law, which this Court also reviews de novo." *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 493; 791 NW2d 853 (2010). "[This Court] review[s] de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "De-novo review means that [this Court] review[s] the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

Because "the [trial] court looked beyond the pleadings" when deciding the motion for summary disposition brought by USAU, this Court reviews the motion under the standard of review for a motion under MCR 2.116(C)(10). *Capitol Props Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 425; 770 NW2d 105 (2009).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the

motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil*, 504 Mich at 160 (emphasis, quotation marks, and citations omitted).]

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)" *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684 n 4; 965 NW2d 707 (2020) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

"[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). "The general rule [of contracts] is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts." *Terrien v Zwit*, 467 Mich 56, 71; 648 NW2d 602 (2002) (alteration in original; quotation marks and citation omitted). "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory*, 473 Mich at 461. "When interpreting an insurance policy, [t]he policy and the statutes relating thereto must be read and construed together as though the statutes were a part of the contract, because the parties are presumed to have contracted with the intention of executing a policy that complies with the related statutes." *Yang v Everest Nat'l Ins Co*, 507 Mich 314, 321; 968 NW2d 390 (2021) (alteration in original; quotation marks and citations omitted). "When interpreting a statute, courts must ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute." *Id*. at 322 (quotation marks and citation omitted).

"A notice of termination for nonpayment of premium shall be effective as provided in the policy." MCL 500.2123(3). "A termination of insurance shall not be effective unless the termination is due to reasons which conform to the underwriting rules of the insurer for that insurance." MCL 500.2123(4). MCL 500.3020 states, in relevant part:

> (1) A policy of casualty insurance, . . . including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:
>
> * * *
>
> (b) Except as otherwise provided in subdivision (d), that the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time.

The objective of MCL 500.3020(1)(b)

> is to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either to satisfy whatever concerns have prompted cancellation and thus revive the policy or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. [*Yang*, 507 Mich at 326 n 5 (quotation marks and citation omitted).]

"Notice of cancellation" is not defined in MCL 500.3020(1)(b), but our Supreme Court analyzed the meaning of the phrase in *Yang*, *id*. at 323-326. In *Yang*, the defendant sent the primary insured party a notice on October 9, 2017, stating the next premium payment for the six-month no-fault policy from the defendant was due on October 26, 2017, and the policy would be canceled if the premium was not paid by this date. *Id*. at 317. At the time the notice of cancellation was mailed, the insured was up-to-date with the required payments. *Id*. at 318. The insured failed to make the payment due on October 26, 2017, and the defendant terminated coverage on October 27, 2017, for nonpayment. *Id*. On October 30, 2017, the defendant sent the insured a letter stating it would reinstate the policy with a lapse in coverage if the insured made a payment by November 27, 2017. *Id*. "At that time, [the insured] did not take any steps to reinstate the policy." *Id*. The plaintiffs were struck by a vehicle while walking on November 15, 2017. *Id*. The insured made a payment to the defendant to reinstate the policy two days later. *Id*. The defendant denied the claim because there was no valid policy of insurance when the accident occurred. *Id*.

The Michigan Supreme Court held cancellation is not allowed under MCL 500.3020(1)(b) when an insurance company "mails its customer a letter purporting to be a notice of cancellation for nonpayment of insurance premiums before any nonpayment actually occurred." *Id*. at 317. The Michigan Supreme Court stated a notice of cancellation must be "peremptory, explicit, and unconditional." *Id*. at 325-326. The *Yang* Court found the defendant's cancellation notice violated MCL 500.3020(1)(b) because "[t]he cancellation notice specifically included the condition that [the insured's] no-fault insurance policy would be canceled *if* he failed to pay his insurance premiums on time." *Id*. at 326. The notice of cancellation was ineffective because it was conditional. *Id*. at 327.

The insurance contract in this case allowed cancellation during the policy period by USAU under certain circumstances, including, in relevant part:

> 2. **We** may cancel by mailing **you** at the address last known by **us** or **our** producer:

> a. at least 10 days' notice by first class mail, if cancellation is for non-payment of premium. . . .

In this case, unlike in *Yang*, USAU mailed a notice of cancellation to Willie Jackson after he failed to pay the premium. USAU contracted with Willie Jackson to provide insurance coverage, including uninsured motorist benefits, from January 6, 2020 to July 6, 2020. USAU provided the notice of cancellation on January 9, 2020, after Willie Jackson failed to pay the premium amount owed of $980.58 on January 8, 2020. The notice stated coverage would

-4-

terminate "unless we [USAU] receive [the] Minimum Amount Due before the Cancellation Date." The cancellation date was January 19, 2020, at 12:01 a.m. The reason for cancellation was "NON PAYMENT OF PREMIUM."

This language was peremptory, explicit, and unconditional. There were no further conditions required for cancellation to occur. The cancellation date and time was listed on the notice of cancellation as required under MCL 500.3020(1)(b) to provide 10-days' notice for the cancellation to become effective. The notice of cancellation providing Willie Jackson an opportunity to cure, i.e., make the payment within 10 days, to avoid cancellation did not render the notice conditional. This is because the condition required already occurred when Willie Jackson did not pay the premium by its due date; USAU was merely providing Willie Jackson an opportunity to cure the nonpayment, or the "concerns" which "prompted cancellation." See *Yang*, 507 Mich at 326 n 5. Unlike the facts in *Yang*, where the cancellation notice was ineffective because it stated the insured's no-fault insurance policy would be canceled *if* he failed to pay his insurance premiums on time, in this case, the cancellation notice was valid because it was mailed after nonpayment and was unconditional. The cancellation notice was valid under MCL 500.3020(1)(b). See *id*. at 327.

As a result, as stated by USAU's underwriting officer, Takara Thompson, the policy was canceled after Willie Jackson failed to make the required payment and there was no coverage on the subject vehicle from January 19, 2020, to December 7, 2020. Because USAU complied with MCL 500.3020(1)(b), the insurance policy was canceled on January 19, 2020, and was not in effect at the time of plaintiff's accident on June 2, 2020. See *Nowell v Titan Ins Co*, 466 Mich 478, 482-483; 648 NW2d 157 (2002) (holding notice must be given in accordance with MCL 500.3020(1)(b) for the cancellation of the insurance policy to be effective).

In light of the above, the trial court's denial of summary disposition was improper. Even when viewing the evidence in the light most favorable to plaintiff, plaintiff was not entitled to uninsured motorist benefits under Policy Number USSH-00007640-00 because the policy was canceled on January 19, 2020, and was not in effect on June 2, 2020, when the accident occurred. USAU is entitled to a reversal of the trial court's order.

Reversed and remanded for entry of an order granting USAU summary disposition under MCR 2.116(C)(10). We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle