*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NARIAH THOMPSON,

        Plaintiff-Appellee,

v

ALLSTATE INSURANCE COMPANY,
MICHIGAN ASSIGNED CLAIMS PLAN, and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants-Appellants,

and

USA UNDERWRITERS,

        Defendant-Appellee.

UNPUBLISHED
September 17, 2025
9:47 AM

No. 371868
Kalamazoo Circuit Court
LC No. 2024-000008-NF

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PER CURIAM.

In this automobile-insurance action, defendants-appellants, Allstate Insurance Company, the Michigan Assigned Claims Plan (MACP), and the Michigan Automobile Insurance Placement Facility (MAIPF) (collectively, the Allstate defendants), appeal by leave granted[1] the trial court order: (1) granting defendant-appellee's, USA Underwriters' (USAU's), motion for summary disposition; and (2) dismissing plaintiff-appellee's, Nariah Thompson's, claims against USAU. We reverse and remand for entry of an order granting summary disposition in favor of Allstate.

## I. FACTS

---

[1] *Thompson v Allstate Ins Co*, unpublished order of the Court of Appeals, entered December 10, 2024 (Docket No. 371868).

In November 2022, USAU issued a no-fault insurance policy to Thompson, which was to be effective from November 2022 to May 2023. The insurance policy required an initial down payment followed by five monthly installment payments. Thompson failed to tender the first installment payment, which was due on December 7, 2022. Accordingly, on December 9, 2022, USAU prepared and mailed a notice of cancellation for Thompson's insurance policy, with a cancellation date of December 19, 2022. USAU did not receive any further payments.

On January 5, 2023, Thompson was injured in a motor vehicle accident. Thompson submitted an application for personal injury protection (PIP) benefits to the MAIPF, and the MACP assigned Thompson's claim to Allstate. In January 2024, Thompson filed a complaint against USAU and the Allstate defendants, requesting payment of PIP benefits. USAU moved for summary disposition, arguing that it did not insure Thompson on the date of the accident because according to the notice of cancellation, Thompson's insurance policy was canceled 27 days before the accident in this case. Allstate cross-moved for summary disposition, arguing that because the cancellation notice was prepared and mailed exactly 10 days in advance of the cancellation date, it did not comply with MCL 500.3020(1)(b), meaning that the policy was still in effect at the time of the accident, and USAU was the priority insurer, pursuant to MCL 500.3114. USAU responded, arguing that if the trial court found that the cancellation notice "was not reasonably calculated to arrive 10 days prior to the cancellation date, then the effective cancellation date should be extended by the additional number of days that would be required so as to reasonably afford the insured ten days after the notice would have reasonably arrived." USAU explained that this outcome would ensure "that the insured receives the amount of time contemplated by the statute, while avoiding the inequity of continuing coverage that the insured never paid for, and that the insurer believed to be canceled." USAU noted that because Thompson's accident occurred 27 days after the cancellation notice was mailed, there was ample time for the notice to be delivered to Thompson and inform her of the cancellation. Accordingly, USAU requested that the trial court "find that the accident occurred more than 10 days after the Notice would reasonably have arrived."

After hearing arguments, the trial court: (1) granted USAU's motion for summary disposition, and (2) dismissed Thompson's claims against USAU. The trial court reasoned, "And I would agree that [the notice] clearly was not within the ten days as prescribed, but it was clearly within a reasonable period of time from the date of accident . . . ." Thereafter, Allstate moved for reconsideration, which the trial court denied. The Allstate defendants now appeal by leave granted.

## II. 10-DAY WRITTEN NOTICE REQUIREMENT

On appeal, Allstate argues that because USAU's cancellation notice did not comply with MCL 500.3020(1)(b), the policy was still in effect at the time of the accident, and USAU was the priority insurer, pursuant to MCL 500.3114. Accordingly, the trial court erred by granting summary disposition to USAU instead of Allstate. We agree.

### A. PRESERVATION AND STANDARD OF REVIEW

Because the parties raised these issues before the trial court, they are preserved for appellate review. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

"We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). "Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). Because the trial court did not indicate whether it granted USAU's motion pursuant to MCR 2.116(C)(8) or (10), but the trial court considered documentary evidence beyond the pleadings, we will review the decision as having been granted pursuant to MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington*, 298 Mich App at 270. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Id*. at 270-271 (quotation marks and citation omitted). But, as MCR 2.116(I)(2) states, "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

B. ANALYSIS

The cancellation of an insurance policy is governed by MCL 500.3020, which provides, in relevant part, "that the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation . . . ." MCL 500.3020(1)(b).

In *Nowell v Titan Ins Co*, 466 Mich 478, 482-483; 648 NW2d 157 (2002), the Michigan Supreme Court held that the plain language of MCL 500.3020(1)(b) "precludes a conclusion that an insured must receive some type of actual notice, i.e., be aware of the issuance of a notice of cancellation by the insurer, in order for an insurer's cancellation of the insured's policy to be effective." Instead, the Court explained as follows:

> Reading [MCL 500.3020] as a whole, we conclude that the first-class mailing must be done early enough to, with reasonable certainty, provide delivery to the insured at least ten days before the cancellation date. In other words, an insurer has the duty to mail far enough in advance of the beginning of the ten day period so as to reasonably ensure that the notice will arrive and provide an insured with the potential to have the full ten days' notice that the statute provides. [*Id*. at 483-484.]

> \* \* \*

> Accordingly, we conclude that the statute should be construed to mean that the mailing must be reasonably calculated to be delivered so as to arrive at the

insured's address at least ten days before the date specified for cancellation for the notice to be effective. [*Id*. at 484.]

In this case, USAU prepared and mailed a notice of cancellation on December 9, 2022, with a cancellation date of December 19, 2022. The cancellation notice was mailed from Sacramento, California to Kalamazoo, Michigan. Because the cancellation notice was mailed exactly 10 days before the cancellation date, the notice was not mailed so as to reasonably ensure that the notice would arrive at Thompson's residence and provide Thompson with the potential to have 10 days' notice of the cancellation. *Id*. at 483-484. Accordingly, the notice did not comply with MCL 500.3020(1)(b). See *Id*.

Because the notice of cancellation was not effective in this case, Thompson's USAU insurance policy was in effect at the time of the motor vehicle accident, and Thompson must seek PIP benefits from USAU. See MCL 500.3114(1) ("[A] personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."). A person injured in a motor vehicle accident cannot seek PIP benefits through the assigned claims plan if there is a personal protection insurance policy that is applicable to the injury. MCL 500.3172(1)(a). Therefore, Thompson cannot seek PIP benefits from Allstate, the MACP-assigned insurer.

Accordingly, the trial court erred in granting summary disposition to USAU and dismissing Thompson's claims against it. Because the notice of cancellation was not effective, the trial court should have granted summary disposition to Allstate and dismissed Thompson's claims against the Allstate defendants.

## III. CONCLUSION

Reversed and remanded for entry of an order granting summary disposition in favor of Allstate. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Sima G. Patel
/s/ Kathleen A. Feeney